### 30756. MIKLE v. THE STATE.

NICHOLS, Chief Justice.

The appellant was indicted for murder and upon conviction was sentenced to life imprisonment to follow a seven-year sentence for motor vehicle theft.

The appellant enumerates only one error. He testified in his own behalf at the trial and while cross examining the appellant, the district attorney asked about a previously introduced Federal Firearms Registration form filled out at the time the gun used to commit the crime charged was purchased. One of the questions on the form was: "Have you been convicted in any court for a crime punishable by imprisonment for a term exceeding one year?" The appellant answered "No."

The district attorney read the question to the appellant and he affirmed the answer given on the form. Over objection the trial court then allowed the introduction of several previous convictions for the purpose of impeachment.

The state chose to put the defendant's character in issue by use of the form to ask a question which would otherwise be prohibited and having nothing to do with any direct testimony of the defendant. After getting in the prohibited question and knowing what the answer would be, he sought to impeach the answer by introducing his prior criminal record.

In *Brown v. State,* 118 Ga. App. 617, 618 (165 SE2d 185) (1968), it was held: "It is axiomatic that the general character of a defendant on trial for the commission of a crime and his character in other transactions is irrelevant unless *the defendant himself chooses* to put his character in issue. Code §§ 38-201, 38-202; *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615) [1952]."

Here, the state chose to put the defendant's character in issue and then to introduce in evidence his entire past criminal record to impeach him. This was error requiring the grant of a new trial.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*

SUBMITTED JANUARY 29, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 4, 1976.

*Robert J. Evans,* for appellant.

*F. Larry Salmon, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.

HILL, Justice, dissenting.

The jury found the defendant guilty on September 23, 1975, and sentence was imposed on that date. On September 26, the defendant escaped. Notice of appeal was filed October 21, 1975. On November 10, 1975, application for extension of time for filing transcript was granted. Also on November 10, 1975, defendant's attorney filed an affidavit for appeal in forma pauperis in

which counsel stated that he had been appointed to defend the defendant because of his indigency, that by letter dated September 25, 1975, defendant had expressed his desire to appeal, that defendant had escaped and was unavailable to sign an affidavit of poverty, and that under the circumstances counsel was making the affidavit on defendant's behalf because counsel believed himself to be under a duty to perfect the appeal.

The court reporter attested to the transcript on November 26, the superior court clerk certified the record on December 1, the case was docketed in the Court of Appeals on December 4, the case was transferred here on December 10, the district attorney filed motion to dismiss the appeal by reason of escape that same day, defendant's brief and enumeration of error was filed December 24, and the defendant was captured in Texas and returned to custody in Georgia on January 22, 1976.

By overruling the state's motion to dismiss this appeal, the majority of this court in effect hold that the defendant is entitled to the services of counsel appointed by the state to prosecute his appeal while on escape, and is entitled to the services of the court reporter in preparing a free transcript of the trial and the services of the clerk in preparing a free copy of the record so as to perfect his appeal while on escape.

The majority of this court expressly hold that the defendant is entitled to a new trial because his character was put in issue. I dissent. See my concurring opinions in *Brown v. Ricketts,* 235 Ga. 29, 31 (218 SE2d 785) (1975), and in *Yates v. Brown,* 235 Ga. 391, 393 (219 SE2d 729) (1975).

We are not required to afford an appeal to an escapee, Estelle v. Dorrough, —— U. S. —— (95 SC 1173, 1174, 45 LE2d 377) (1975), and I for one would not.

By declining to hear this appeal, this court could prevent appointed counsel from having to write briefs to perfect what could become moot issues except for defendant's recapture in Texas, and could conserve the resources of trial court personnel. Instead, the court has said, in effect, that the defendant's counsel, the state's counsel and the trial court's overworked personnel must labor while the defendant remains at large.

More importantly, by deciding this appeal, this court has failed to do what it can to deter escapes. Instead, the court has said, in effect "Go ahead, we will impose no penalty upon you for escape if you get caught before we decide your appeal."

Why should the overloaded wheels of justice continue turning for the benefit of a person convicted of crime who escapes? The state's motion to dismiss this appeal was good when made and should be granted. In my view, the defendant should be held to have waived, by escape, his right to appeal and no new trial should be granted in this case. I therefore respectfully dissent.