## 74507. KEARNEY v. THE STATE.
### (360 SE2d 633)

SOGNIER, Judge.

Appellant was convicted of endangering a security interest and he appeals.

Appellant contends the trial court erred by denying his motions for a directed verdict of acquittal and a new trial because the State failed to show that the bank involved had a valid security interest in

the property appellant had pledged as collateral.

The evidence disclosed that in March 1983, appellant obtained a six-month loan from the Bank of Quitman and gave the bank a list of tools which were pledged as collateral for the loan. The bank prepared a financing statement showing the bank as the secured party and appellant as the debtor; the financing statement was recorded with the clerk of the Superior Court of Brooks County and contained a block showing that it covered "Tools & Equip in List Att." However, no list was in fact attached to the financing statement that was filed and recorded, although copies of the financing statement and an itemized list of the tools covered by the financing statement were kept in the bank's files.

At the end of six months appellant paid the interest due and renewed the note for another six months. When he was unable to pay the principal at the end of the latter period, A.C. Lowe, the bank officer handling the loan, suggested that appellant make the loan an installment loan payable on a monthly basis. Appellant agreed and signed a promissory note for $9,513.60, payable in monthly installments over a period of 48 months. In a block entitled "SECURITY INTEREST" on the note signed by appellant was the notation "List of tools in Exhibit 'A' In Financing Statement dated 3-29-83 File 83258 and recorded in Public Records in Brooks Co."

Appellant made only two monthly payments on the note, and after he had missed three or four payments, Lowe talked to appellant and asked him where the tools were stored. Appellant informed Lowe that the tools were stored on a farm in Brooks County and gave Lowe directions to the farm. When Lowe went to the farm the tools were missing from the cabin in which they had been stored, and the tools have never been located. Ted Harrell, a State witness, testified that he had sold the tools to appellant, and at the time of the sale they were stored in a locked cabin on the farm to which Lowe went to retrieve the tools. Harrell also testified that appellant did not have access to the cabin, as Harrell (lessee of the farm) and the owner of the farm had the only keys. When Harrell learned that appellant's tools were missing, Harrell checked the cabin and discovered that a screen had been cut and the door was ajar. In addition to appellant's tools being gone, about two to three thousand dollars worth of Harrell's tools were also missing.

Based on this evidence, appellant was convicted of endangering a security interest by unlawfully, knowingly, wilfully and intentionally concealing the tools. He contends that no valid security interest in the tools was created, because the State failed to produce any security agreement that complied with the Uniform Commercial Code—Secured Transactions. OCGA § 11-9-101 et seq.

Pretermitting the question of whether a valid security interest

was created, the State presented *no* evidence that appellant endangered the security interest by unlawfully, knowingly, wilfully and intentionally concealing the tools in this case. On the contrary, the evidence presented by the State established that the tools were missing, presumably stolen, from a locked cabin to which appellant had no access. There was no evidence, circumstantial or otherwise, that appellant was connected with the theft or that he took any other action to conceal the tools. Hence, the evidence was not sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, we find that it was error to deny appellant's motion for a directed verdict of acquittal. See *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). It follows that it was also error to deny his motion for a new trial. Although appellant did not enumerate the general grounds as error, we have followed the general rule that in exceptional circumstances, especially in criminal cases, appellate courts may, on their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings. See *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986). To allow a criminal conviction to stand when the State has presented no evidence on an essential element of the offense charged would impugn the integrity and fairness of the judicial system. Accordingly, we reverse.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 8, 1987.

*Bradfield M. Shealy*, for appellant.
*H. Lamar Cole, District Attorney*, for appellee.