## 76089. JOHNSON v. THE STATE.
### (366 SE2d 424)

DEEN, Presiding Judge.

The appellant, Clemon Johnson, was convicted of aggravated assault and possession of a firearm by a convicted felon. On appeal, Johnson contends that the trial court erred (1) in allowing the state to introduce character evidence in the form of previous arrests and convictions, and (2) in not informing Johnson that he could discharge his trial counsel and represent himself. Held:

1. During the state's presentation of its case, the victim testified that Johnson had entered his store at Greenbriar Mall with the husband of a recently discharged employee. In complaining about the firing of the other man's wife, Johnson struck the victim in the face and pointed a pistol at him. In giving his side of the story, Johnson referred to his friend's wife as a Christian woman; on cross-examination, in response to the prosecutor's question over whether his critical approach of the victim had stemmed from his being the kind of man who could not stand the victim's harsh treatment of a Christian lady, Johnson stated that he could not stand to see any lady abused. After persuading the trial court that by this testimony Johnson had placed his character in issue, the prosecutor was allowed to introduce evidence of prior convictions for various offenses and to ask Johnson about his arrests for pimping, pandering, prostitution, and cussing.

"The general character of the defendant is irrelevant and inadmissible unless [the defendant] chooses to put it in issue." Askew v. State, 135 Ga. App. 56, 57 (217 SE2d 385) (1975); OCGA § 24-9-20 (b), generally. See also Jones v. State, 257 Ga. 753 (363 SE2d 529) (1988). Johnson's reference to his friend's wife as a Christian woman may have commented on her character, but we cannot accept the state's position that it also put Johnson's own character in issue. To the extent that Johnson's statement about not liking to see a lady abused may have placed his character in issue, the placement was made by the state. As in Askew v. State, supra at 57, "it was the state that opened the door on cross-examination . . . Introduction of such damaging evidence requires reversal. . . ." See also Mikle v. State, 236 Ga. 748 (225 SE2d 275) (1976), and Jones v. State, supra.

2. Because of our holding in Division 1, we need not address Johnson's remaining enumeration of error.

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 29, 1988.

*Glenn Zell*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet*, *Richard E. Hicks*, *R. Andrew Weathers*, Assistant District Attorneys, for appellee.