A89A0394. IGLESIAS v. THE STATE.
(381 SE2d 604)

SOGNIER, Judge.

Jorge Andres Iglesias appeals from his conviction for cocaine trafficking and possession of cocaine with intent to distribute.

1. Appellant enumerates the general grounds, and also contends his conviction and sentence for possession with intent to distribute were imposed in violation of OCGA § 16-1-7. The evidence adduced at trial reveals that a narcotics unit of the Atlanta Police Bureau, acting upon an informant's tip, obtained and executed a search warrant for an apartment leased to appellant. Appellant was found standing between the kitchen and living room, and a third party was in the bedroom. The detectives testified that they discovered approximately 700 grams of a white powder, which later proved to be cocaine, in three large plastic ziplock bags in the kitchen, one of which was open on the kitchen counter next to an electric scale. Investigator Monica Lawson stated that the search also uncovered a large plastic bag containing a number of smaller plastic bags, which she testified were often used to distribute cocaine.

We agree with appellant that under the facts of this case he could not be convicted of both cocaine trafficking and also possession of cocaine with intent to distribute. As the State has conceded, the charge of possession with intent to distribute was a lesser included offense of trafficking as a matter of fact because the evidence required to convict appellant of trafficking was the only evidence showing possession with intent to distribute, see OCGA § 16-1-6 (1); *State v. Estevez*, 232 Ga. 316 (1) (206 SE2d 475) (1974), and thus the conviction for possession with intent to distribute must be reversed and the sentence vacated. *Collier v. State*, 244 Ga. 553, 563-565 (6) (261 SE2d 364) (1979). However, we do find the evidence sufficient to authorize the conviction for cocaine trafficking under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by denying his motion

to suppress because the affiant's testimony at the motion hearing concerning the length of time she had known the informant allegedly contradicted her affidavit, the underlying basis for the confidential informant's knowledge was not disclosed, and that information was not corroborated. However, the record reveals that appellant did not raise these arguments before the trial court, but instead based his motion to suppress solely on his contention that documents obtained in the search purportedly disproved allegations in the affidavit, a matter not enumerated as error in this court. " 'It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal. (Cits.)' [Cits.]" *Napier v. State*, 184 Ga. App. 770, 772 (3) (362 SE2d 501) (1987); see *Moore v. State*, 176 Ga. App. 251-252 (1) (335 SE2d 716) (1985).

*Judgment affirmed in part and reversed in part. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 27, 1989.

*Penny A. Penn*, for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Joseph J. Drolet, Assistant District Attorneys*, for appellee.