## A90A1418. MARSHALL v. THE STATE.
### (399 SE2d 555)

COOPER, Judge.

Appellant appeals her conviction by a jury of trafficking in cocaine. Based on information obtained from a confidential informant that appellant was selling cocaine out of her beauty supply store, the police obtained a search warrant for appellant's business and car. During the search of the store, the police discovered a shoe box containing 100 grams of cocaine of greater than 80 percent purity worth up to $40,000 in clear plastic bags, a briefcase with $3,250, $1,774 in a bank bag and appellant's handbag containing $1,076 and a small amount of marijuana. Appellant and an employee were charged with trafficking in cocaine. At trial, at the close of the State's case, the trial court discharged the co-defendant on a motion for directed verdict.

1. Appellant enumerates as error the trial court's failure to discharge the entire jury panel after prospective jurors made prejudicial remarks in the presence of other jurors during voir dire. The co-defendant's attorney asked the venire whether anyone believed that because the co-defendant was charged in the indictment, he could not be fair and objective. One prospective juror replied, "I don't think it's because he is charged. I think it's because of preconceived notions of what a drug dealer looks like, and he fits the bill." Another prospective juror replied, "Well, I used to stay in the projects, and I hated guys like him, and my cousin got killed. He got killed, and I have been trying to set it aside, but I can't." Counsel questioned further, "You are going to assume that somebody that's charged with a crime is guilty of it; is that right?" The juror responded, "Yeah. Because I know him. I used to stay in places like that. So I know." Both persons were excused for cause. The co-defendant and appellant then moved the court to excuse the entire panel. Denying the motion, the court took no corrective action but commented that it was the court's impression in cases involving cocaine that the sentiments expressed by the prospective jurors were common. The co-defendant's attorney then asked the remaining jurors whether there was anyone who did not understand that they should reserve making a decision until all the evidence was presented and not base their decision solely on the State's evidence. The jury's silence indicated that they understood their role and could function accordingly. See *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724) (1985).

Appellant argues on appeal that the court should have conducted individual voir dire of each prospective juror out of the presence of

the others to eliminate the danger of prejudice; however, the record does not reflect that a request was made for such a procedure. "The conduct of voir dire . . . lies within the sound discretion of the trial court. [Cit.]" *Hughey v. State*, 180 Ga. App. 375 (2) (348 SE2d 901) (1986). In the instant case, the remarks were directed at the co-defendant exclusively and did not involve appellant's guilt or innocence. Compare *Moore v. State*, 156 Ga. App. 92 (274 SE2d 107) (1980); *Lingerfelt v. State*, 147 Ga. App. 371 (249 SE2d 100) (1978). "While not approving of the trial court's inaction in this situation, we do not find the potential juror[s'] reference[s] . . . so inherently prejudicial as to deny [appellant] a fair trial." *Hughey*, supra at p. 378. We conclude that the trial court did not abuse its discretion in refusing to discharge the panel. See *Sexton v. State*, 189 Ga. App. 331 (2) (375 SE2d 661) (1988).

2. Appellant contends the court's charge on the lesser included offenses and its repetition of the form of the verdict overemphasized its guilty aspect. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. [Cits.]" *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982). Appellant was indicted for trafficking in cocaine, and the jury was charged on that offense and the lesser included offenses, possession with intent to distribute and simple possession. The court read the verdict form to the jury once, and "for the purpose of clarity, but not for the purpose of emphasis," repeated the verdict form. We find that the charge was a correct statement of the law, and viewing the entire charge as a whole, it is apparent that the charge "was a full and fair charge covering all issues to be resolved by the jury." Id. at 825-826. Further, guilt was not overemphasized by the charge or the verdict form. This enumeration is without merit.

3. Appellant next argues that the affidavit which supported the search warrant did not establish sufficient probable cause for the search of appellant's business, and the court erred in denying appellant's motion to suppress. The affidavit provided that the affiant, the officer who supervised the search, was notified by a confidential informant that appellant had recently returned from Florida in a burgundy Camaro with a large amount of cocaine, which she usually transported in her pocketbook. The informant stated that he had seen an "off-white" substance introduced to him as cocaine and that appellant owned a beauty supply store. Affiant averred that the informant had been reliable in the past 90 days, having provided information which led to the confiscation of illegal contraband. At the hearing on the motion to suppress, affiant testified that four months earlier he had been contacted by the informant, who said that appellant was transporting drugs from Florida and selling cocaine out of

her business, and for that reason, affiant began to surveil the location regularly and confirmed via tax records that appellant owned the store. Four days prior to the search, the informant contacted affiant and reported that appellant was in Florida and would soon return. On the night of the search at approximately 9:00, the informant notified affiant that appellant had returned in a burgundy Camaro and that cocaine was in the store. Affiant then drove by the store and spotted a Camaro parked in the store's lot which matched the description he was given. Affiant also noticed that despite the fact that it was nearly 10:00 p.m., the store was open and people could be seen inside. The warrant was issued at 10:15 p.m., and the search was executed at approximately 11:00 p.m.

" ' "[T]he duty of a reviewing court is simply to ensure that the magistrate [or judge] had a 'substantial basis . . . for conclud(ing)' that probable cause existed." ' [Cits.]" *Butler v. State*, 192 Ga. App. 710 (1) (386 SE2d 371) (1989). Examination of the contents of the affidavit in support of the warrant, using a totality of the circumstances test, reveals that the judge had a substantial basis for concluding that probable cause existed. Id. This enumeration of error is also without merit.

4. Finally, appellant contends the evidence was insufficient to support the conviction. Viewed in a light to support the jury's verdict, the evidence demonstrates that at the time the warrant was executed appellant was in her office, sitting behind a desk, and another woman stood next to the desk. The co-defendant was behind the cash register, and a second man faced the co-defendant on the opposite side of the sales counter. On the desk the police discovered an open shoe box, a briefcase, a Douglas County Bank bag, miscellaneous papers and office supplies. Three clear plastic bags of cocaine and a tag receipt referencing a 1986 Camaro belonging to appellant were found in the shoe box. As appellant was removed from the office, her pocketbook was seized by one of the officers. Appellant admitted to one of the officers that she had recently returned from a trip to Disney World in Florida. Appellant denied knowledge of the cocaine and testified that she kept the tag receipt for her car in the car at all times. She argues on appeal that the evidence was tampered with and that other persons had equal access to the cocaine. Based on our review of the entire record, including the evidence discussed above, we find that a rational trier of fact could have found appellant guilty beyond a reasonable doubt of the offense of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 28, 1990.

*Murray M. Silver*, for appellant.

*Lewis R. Slaton, District Attorney, Doris L. Downs, Carl P. Greenberg, Joseph J. Drolet, Assistant District Attorneys*, for appellee.