A91A1203. KEMP v. THE STATE.
A91A1658. JACKSON v. THE STATE.
(411 SE2d 880)

POPE, Judge.

Defendant Billy Wayne Kemp was convicted of trafficking in cocaine, possession of cocaine with intent to distribute and eluding the

police. Defendant Mae Willie Jackson, Kemp's sister, was indicted jointly with Kemp on the charge of trafficking in cocaine, was tried jointly with Kemp and was convicted of the lesser included offense of possession of cocaine. We have consolidated the two separate appeals for purposes of review.

*Case No. A91A1203*

1. Defendant Kemp argues the trial court erred in denying his motion for directed verdict. The motion was made in regard to the trafficking charge only. The evidence in support of the trafficking conviction shows, inter alia, a package was sent via Federal Express from Orange, California, to his sister, co-defendant Jackson, in Macon. Because the package emitted a strong odor of coffee, a substance drug dealers sometimes use to mask the odor of cocaine, the package was opened by drug enforcement authorities prior to delivery and approximately 500 grams of cocaine were discovered. The contents were repackaged and an undercover officer made the delivery to Jackson. She was arrested immediately after accepting the package and a warrant was obtained to search the house where the package was delivered. Kemp arrived at the scene of the delivery and confessed to Officer Scotty Sheppard that the package belonged to him and admitted the package contained cocaine and coffee. Kemp argues the confession was insufficient to support his conviction because it was merely circumstantial evidence and was consistent with the hypothesis that he was innocent and confessed to protect his sister.

Contrary to Kemp's argument, far more than just the confession was offered as evidence of his guilt. As a result of the search of the house to which the package was delivered, a receipt was found indicating Jackson had wired $8,100 to Dennis Kemp, brother of both defendants, in Santa Ana, California, on March 31, 1990, just ten days before the package was shipped from California. On the evening the package was delivered and the search was conducted, California investigators, in cooperation with the Georgia authorities, also obtained a search warrant to search the California apartment of Dennis Kemp. One of the California investigators testified he answered the telephone at the apartment and had a conversation with an unidentified man. A tape recording of the telephone conversation was played to the jury, in which the caller related that a package had been delivered to his sister, she had been arrested and he had tried to convince an officer named Scotty Sheppard that the package belonged to him. During the taped telephone conversation, the caller discussed how "Dennis" could establish an alibi for the money and discussed the "eighty-one deal." A second investigator got on the telephone and posed as Dennis, but the caller acknowledged he knew he was not

speaking to his brother, Dennis. The caller also discussed how to avoid getting caught in future deliveries and the possibility of obtaining funds for defending a criminal charge. The California officer testified the recorded conversation lasted approximately 21 minutes. Telephone company records were introduced showing several calls were made to Santa Ana, California, from defendants' mother's house at the time the California investigator testified he received calls, including a 21-minute call. Moreover, the evidence of the separate earlier offense of possession of cocaine with intent to distribute was admissible to show bent of mind or course of conduct (see cases cited in Division 2, below). Thus, both direct and circumstantial evidence of trafficking in cocaine was presented to corroborate Kemp's confession. See *Souder v. State*, 170 Ga. App. 413 (3) (317 SE2d 251) (1984). The trial court did not err in denying Kemp's motion for directed verdict.

2. Kemp argues the trial court also erred in denying his motion to sever the trial of the trafficking charge, which related to events which allegedly occurred on April 12, 1990, from the trial of the charge for possession with intent to distribute, which related to events which allegedly occurred on January 5, 1990. These two crimes are sufficiently similar so that evidence of one would be admissible in a trial on the other for the purpose of showing bent of mind or course of conduct. See *Christopher v. State*, 190 Ga. App. 393, 396 (2) (379 SE2d 205) (1989). "Where the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying [defendant's] motion for severance. *Johnson v. State*, 257 Ga. 731, 733 (2c) (363 SE2d 540) (1988)." (Punctuation omitted.) *Herring v. State*, 191 Ga. App. 798, 799 (1) (383 SE2d 178) (1989). Accord *Jones v. State*, 168 Ga. App. 652 (1) (310 SE2d 17) (1983). Even though the offense of possession with intent to distribute occurred on a different date than the offense of trafficking, the evidence was sufficient to establish the two acts as a series constituting parts of a single scheme or plan. See *Adams v. State*, 178 Ga. App. 261 (1) (342 SE2d 747) (1986). Thus, the trial court did not abuse its discretion in joining the offenses for trial.

3. Kemp contends the trial court erred in admitting into evidence the tape of the telephone conversation between the California investigators and the caller to Dennis Kemp's apartment because such a taping is illegal. Pursuant to both Georgia and federal law, the recording of the telephone conversation by the officer in this case was not unlawful because he was a party to the conversation. See 18 USC § 2511 (2) (c); OCGA § 16-11-66. Thus, the recording of the telephone conversation with the two California law enforcement officers was not obtained illegally and was admissible into evidence. See *Orkin v. State*, 236 Ga. 176 (2b) (223 SE2d 61) (1976). It was no less admissible because one of the officers falsely identified himself as Kemp's

brother, Dennis Kemp. See *Teems v. State*, 161 Ga. App. 339 (1) (287 SE2d 774) (1982). Moreover, it is obvious from the caller's comments that he knew immediately the officer was not Dennis Kemp.

4. The trial court did not err in permitting jury members to review a written transcript of the recording of the telephone conversation for their assistance in understanding the recording as it was played. The court instructed the jury that the transcript was offered merely for their assistance in understanding the tape but cautioned that the tape, and not the transcript, constituted the evidence in this case. The transcript copies were collected immediately after the tape was played and were not allowed in the jury room during deliberation. Thus, no error is shown. See *Lawrence v. State*, 174 Ga. App. 788 (2) (331 SE2d 600) (1985); *Dismuke v. State*, 152 Ga. App. 188 (3) (262 SE2d 490) (1979).

5. Because the evidence showed the amount of cocaine contained in the package which forms the basis for the trafficking charge exceeded 400 grams, Kemp is subject to the mandatory sentence set forth in OCGA § 16-13-31 (a) (1) (C). We reject his argument that only the 25-year prison term contained in that statute is mandatory and that the trial judge failed to exercise his discretion in setting the amount of the fine. The statute clearly requires that the defendant "shall be sentenced to a mandatory minimum term of imprisonment of 25 years *and shall pay a fine of $1 million.*"

### Case No. A91A1658

6. Defendant Jackson argues the trial court erred in denying her motion to suppress the evidence obtained in the search of her house, including the receipt for the money order sent by her to her brother in California (see Division 1, above), because the affidavit upon which the search warrant was issued was legally insufficient.

The record shows the affidavit submitted in support of the warrant was executed by an officer who surreptitiously witnessed the controlled delivery of the package to Jackson from inside the delivery van. While Officer Sheppard remained on the premises to secure Jackson's house, the deposing officer left to obtain a search warrant. Although the officer testified at the hearing on the motion to suppress that he offered oral testimony to the magistrate detailing the manner in which the package had been intercepted, searched and delivered and that he had personally witnessed the delivery and arrest of Jackson, the search warrant states on its face that is was issued in reliance on the facts contained in the affidavit. The affidavit states only that the affiant had been told by an unidentified law enforcement officer that within two hours of the application for the warrant the unidentified officer had conducted a "controlled delivery of approximately 500

grams of cocaine" to the premises described in the application.

" 'Probable cause means less than a certainty but more than mere suspicion or possibility. (Cit.) Mere speculation, rumor, or opinion is not enough; there must be reasonable grounds after inquiry. . . . The officer must place before the magistrate sufficient facts to enable the latter to make his own determination and not merely adopt the conclusions of the police officer.' [Cit.]" *Kelleher v. State*, 185 Ga. App. 774, 777-778 (1) (365 SE2d 889) (1988). Although the affidavit in this case contains none of the rich detail known to the affiant in support of the belief that Jackson was engaged in the interstate trafficking of cocaine, it did contain more than a mere conclusory statement that the affiant believed probable cause existed to conduct a search. It provided the magistrate with the fact that a "controlled delivery" of contraband had been made to a person at the address to be searched. The term "controlled delivery" indicates the package was delivered in the course of commerce to a specific addressee under the surveillance of law enforcement officers. Thus, the affidavit contained more than mere conclusory opinions of the deposing officer; it contained assertions of fact from which the magistrate could find that a person at the premises to be searched had accepted delivery of a shipment of contraband. These facts, though minimal, permitted the magistrate to exercise his own independent discretion in concluding probable cause existed for the search and did not require the magistrate merely to rely on the opinion of the deposing officer. See *Campbell v. State*, 226 Ga. 883 (1) (178 SE2d 257) (1970).

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 24, 1991.

*Craig N. Cowart*, for appellant (case no. A91A1203).
*Bennett T. Willis, Jr.*, for appellant (case no. A91A1658).
*Willis B. Sparks III, District Attorney, Elizabeth K. Bobbit, Thomas J. Matthews, Howard Z. Simms, Assistant District Attorneys*, for appellee.