A92A0580. THE STATE v. HANCOCK.
(417 SE2d 381)

McMURRAY, Presiding Judge.

Defendant was charged in a multi-count indictment with trafficking in cocaine (Count 1), two counts of violating Georgia's Controlled Substances Act (possession of cocaine) (Counts 2 and 3) and three counts of recidivism (Counts 4, 5 and 6). Defendant filed a motion to suppress.

Officer Donnie Canada of the Rome Police Department received information from a confidential informant that defendant "was involved in drug trafficking in the Rome-Floyd County area. . . ." Late on Friday evening April 12, 1991, Officer Canada overheard defendant tell the confidential informant that he was going to "be at a certain place at a certain time in possession of cocaine." More specifically, defendant said he would be at "Silver Creek" early the next morning "in possession of cocaine."

Members of the Rome-Floyd Metro Task Force, Federal Bureau of Investigation Agent Joe McGill and County Police Officer Ray Lo-

gan staked-out the designated area at the prescribed time and, after about "an hour or two," defendant drove up and stopped the car. About eight law enforcement officers with drawn weapons pointed at defendant surrounded the suspect vehicle. Defendant "got out . . . of the car[. Officer Canada] was on the passenger's side, and [he] looked over the top of the car, and . . . told [defendant that the officers] were conducting a narcotics investigation and asked his permission to search the car, and [defendant] said 'Sure, go ahead.' " A search of the vehicle revealed no contraband. However, while Officer Canada was searching the car, another officer did a non-consensual "pat-down" search of defendant and discovered two bags of cocaine under defendant's baseball cap.

The trial court granted defendant's motion to suppress, finding that the removal of defendant's "baseball cap . . . from his head without permission . . . was a violation of [defendant's] Constitutional rights and an illegal search, and, therefore, the drugs that were allegedly found in his hat, that evidence would be suppressed." The State appeals. *Held*:

When coupled with corroboration by the personal observation of a law enforcement officer, a reliable informant's tip is sufficient to establish probable cause. *McKinney v. State*, 184 Ga. App. 607, 608 (1) (362 SE2d 65). In the case sub judice, Officer Canada testified that the informant had never given him information before. However, Officer Canada actually heard defendant state that he would be at "Silver Creek" early the next morning with cocaine. Consequently, when Officer Canada and other law enforcement officers observed defendant appear at "Silver Creek" early the next day, probable cause existed for defendant's arrest. See *McKinney v. State*, 184 Ga. App. 607, 608 (1), supra. It follows that any search of defendant was lawfully conducted pursuant to a lawful warrantless arrest. *Stoker v. State*, 153 Ga. App. 871 (1), 872 (267 SE2d 295). The trial court erred in granting defendant's motion to suppress.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 11, 1992 —
RECONSIDERATION DENIED MARCH 25, 1992 —

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Fred R. Simpson, Assistant District Attorneys,* for appellant.
*Barbara J. Gale,* for appellee.