A91A1969. FOSTER v. COHEN et al.
(417 SE2d 61)

JOHNSON, Judge.

This case arises from an action for professional negligence, and involves allegations that a criminal defense attorney was negligent in the manner in which he handled the representation of Frederick Foster leading up to his plea of guilty to the charge of trafficking in co-

caine. Foster was indicted in May 1985 for trafficking in cocaine under OCGA § 16-13-31. On December 13, 1985, he entered a negotiated guilty plea and was sentenced to 20 years, to serve 12 years in prison, with the balance to be probated. In the interim, between Foster's indictment and his plea, the Georgia legislature substantially amended OCGA § 16-13-31, effective July 1, 1985, to provide for an increased penalty for trafficking in cocaine and a change in the quality of the cocaine required for a conviction. No savings clause was included in the amended version of the statute. While under the revised version of OCGA § 16-13-31, Foster's conduct as evidenced by the facts to which he pled guilty would not have amounted to trafficking in cocaine, he did admit to facts which would have warranted a conviction on the charge of simple possession of cocaine, at the very least. It would, perhaps, even rise to the level of possession of cocaine with intent to distribute. In any event, it is clear that the appellant, having admitted possession of cocaine at the time he entered his plea, committed a crime under the laws of this State. Possession with intent to distribute cocaine carries a maximum sentence of 30 years for a first conviction and life imprisonment for subsequent convictions. See OCGA § 16-13-30 (d). Simple possession of cocaine carries maximum sentences of 15 years for a first conviction and 30 years for subsequent convictions. See OCGA § 16-13-30 (c). The appellant was in violation of at least one of these statutes and, upon a conviction of the least serious of the two crimes and as a result of his prior convictions for drug use, he was subject to incarceration for a period of 30 years by the trial court. The sentence actually imposed, 20 years, to serve 12 years in prison, was well within the range authorized for simple possession.

Three cases came before this Court and the Supreme Court of Georgia raising the issue of whether those prosecutions which had begun and were based upon the pre-amendment wording of OCGA § 16-13-31, but which had not become final by July 1, 1985, were abated. Approximately two-and-one-half years after the appellant's conviction and after a great deal of vacillating between the Courts, the Supreme Court finally resolved the issue in 1988 in *Bassett v. Lemacks*, 258 Ga. 367 (370 SE2d 146) (1988). As a result of the holding in *Bassett*, the appellant obtained relief from his imprisonment on November 23, 1988 on a Writ of Habeas Corpus.

Four years and seven days after appellant's conviction, he filed the subject action for legal malpractice contending that the attorney who represented him at the time he entered his plea was negligent in not realizing and informing him of the effect the amended statute would have on the outcome of his case.

At the outset it would appear that given the state of uncertainty in this Court and the Supreme Court of Georgia regarding the status

of persons situated similarly to Foster in his underlying criminal case, it could hardly be expected that one could hold an attorney liable for failing to anticipate at the time Foster entered his plea the future resolutions of this legal dilemma and their bearing upon a particular case. Accordingly, the trial court very nearly could have, sua sponte, granted summary judgment to the appellees. We need not reach that issue, however, as the trial court correctly found that this action was barred by the applicable statute of limitations, and granted the appellees' motion to dismiss. We affirm.

1. An action for legal malpractice is subject to a four-year statute of limitation which begins to run from the date of the attorney's alleged negligent or unskillful act. *Ekern v. Westmoreland*, 181 Ga. App. 741 (353 SE2d 571) (1987); see also OCGA § 9-3-26. The accrual of the right of action in the case at bar occurred on December 13, 1985, the day that the appellant entered his plea, and the statute of limitation expired on December 12, 1989. Seven days thereafter, on December 19, 1989, Foster filed his complaint. Clearly, the appellant's action was commenced after the applicable statute of limitation had expired.

Foster contends, however, that the applicable statute of limitation was effectively tolled, pursuant to OCGA § 9-3-90, as a result of his alleged mental incapacity.

OCGA § 9-3-90 (a) provides, in pertinent part, as follows: "persons who are legally incompetent because of . . . mental illness, *who are such when the cause of action accrues*, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." (Emphasis supplied.) Foster alleges that he is of the group protected by the above-cited statute because he was mentally incapacitated, and, therefore, incompetent to manage his affairs, for approximately three-and-one-half years from the date of his arrest in May 1985.

Foster contends that the nature of his mental illness was one of neurosis, psychosis, and chronic undifferentiated schizophrenia for which he was treated with Thorazine. He further contends that his mental circumstance precluded him from entering a valid plea and, therefore, the applicable statute of limitation was effectively tolled.

We reject the appellant's argument. The transcript of the appellant's plea indicates that by his own admission, he was not taking medication at the time his plea was tendered, that he fully understood the charges in the indictment, that he fully understood the impact of entering a guilty plea, and that he offered his plea freely and voluntarily. The record also reveals that the trial judge took the constitutionally and statutorily required measures to insure that Foster was sufficiently competent to enter a valid plea.

" 'Admissions which have been *acted on by others*, are conclusive

against the party making them, in all cases, between him and the person whose conduct he has thus influenced. In such cases, the party is estopped, on grounds of public policy and good faith, from *repudiating* his own representations.' " (Emphasis in original.) *Virginia Highland Assoc. v. Allen*, 174 Ga. App. 706, 708 (330 SE2d 892) (1985). In the instant action, Foster held himself out to both his counsel and to the court as being competent and represented that he had the mental capacity to enter his plea. Such representations were relied on by his counsel and the Court. Under these circumstances, Foster is precluded from later using a claim of mental incapacity to toll the statute of limitation.

The burden was on Foster to prove the incapacity which he alleged tolled the running of the statute. The trial court, as evidenced by its order, carefully considered Foster's claim and found it wanting.

There being no sufficient evidence before the trial court to make the determination that Foster was incompetent at the time that he entered his plea, the appellant's argument that the statute of limitation was effectively tolled as a result of his alleged mental incapacity fails. The applicable statute of limitation in this case expired prior to the filing of Foster's complaint and therefore, the trial court was correct in granting the appellees' motion to dismiss.

2. In light of the foregoing holding, the remaining enumerations of error need not be addressed.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 18, 1992.

*Emerson Carey, Jr.*, for appellant.

*Darryl B. Cohen & Associates, Marsha L. Sutherland*, for appellees.