A92A0521. THRASHER v. THE STATE.
(419 SE2d 516)

JOHNSON, Judge.

A jury found James Thrasher guilty of possession of cocaine. Thrasher appeals from the verdict and the denial of his motion for a new trial.

1. Thrasher contends in his first enumeration that the trial court erred in allowing the state to improperly place his character in issue by introducing evidence of a prior conviction for possession of marijuana.

On direct examination, Thrasher stated that he told the arresting officer, "Well, I don't mess with dope." On cross-examination, the district attorney asked Thrasher, "When you said you don't deal with dope, that's a lie, isn't it?" Thrasher responded, "No, it's not a lie." Thereafter, Thrasher's prior conviction for the possession of marijuana was admitted into evidence. The court allowed the prior conviction into evidence for the purpose of showing impeachment by former contradictory statement and as character evidence, having made the determination that Thrasher placed his character in issue by his statement to the officer.

The instant case is controlled by the opinion in *Mitchell v. State*,

158 Ga. App. 628 (281 SE2d 260) (1981). The trial court in *Mitchell* allowed the introduction of the defendant's prior conviction for possession of marijuana for the purpose of contradicting the defendant's testimony. On appeal, this court did not reach the issue of whether the defendant placed his character in issue in relaying the conversation with the officer. This court stated: "Assuming that defendant's statement was not sufficient to place his character in issue because he was repeating a statement made to a third party and not directly responding to an attorney's question, the defendant may still be impeached by contradictory statements. . . . Code Ann. § 38-1802 [now, OCGA § 24-9-82] provides that a witness may be impeached by disproving the facts testified to by him." Id. at 630. Similarly, in the case at bar, we need not reach the issue of whether Thrasher's character was improperly placed into evidence. Thrasher's statement that he did not "mess" with marijuana could be construed as a denial by him that he had ever been involved with drugs. Therefore, Thrasher was properly impeached by his former contradictory statement. We find no error.

· 2. Thrasher contends in his second enumeration that the trial court erred in admitting his prior conviction for possession of marijuana as similar transaction evidence. Since the evidence was properly admitted for the purpose of impeachment, we need not reach this issue.

3. Thrasher further contends that the trial court abused its discretion by permitting additional deputies in the courtroom, thereby compromising his right to an impartial jury.

Although Thrasher enumerates as error the presence of "additional deputies" in the courtroom, he failed to indicate in the transcript the number of deputies that were present or make a motion for a mistrial. The trial court, however, indicated for the record that three deputies were in the courtroom, which had four doors, and the deputies were seated back in the general audience section of the courtroom. The court further noted that Thrasher was dressed in civilian clothing and sitting at the front table with his two attorneys.

" '[The] defendant has a right to be tried in an atmosphere free of partiality created by the use of excessive guards except where special circumstances (exist), which *in the discretion of the trial judge*, dictate added security precautions.' [Cits.]" (Emphasis supplied.) *McKenzey v. State,* 138 Ga. App. 88, 90 (225 SE2d 512) (1976). We find that the trial court in the case sub judice did not abuse its discretion in permitting three deputies to be present in the courtroom.

4. In his fourth enumeration of error, Thrasher contends that the trial court erred in admitting a de minimis amount of cocaine residue into evidence, where there was evidence showing that others had access to the pipe or the area where the pipe was found. Thrasher raised

no such objection at trial.

At the trial of the instant case, Thrasher did not raise an objection regarding the introduction of evidence of a de minimis amount of cocaine where there was evidence that others had equal access to the pipe.

Grounds enumerated as error but not raised during trial may not be raised for the first time on appeal. *Hoover v. State,* 198 Ga. App. 481, 482 (402 SE2d 92) (1991). " 'Enumerated errors which raise issues for the first time . . . on appeal present nothing for review. (Cit.)' [Cit.]" *Holland v. State,* 197 Ga. App. 496, 497 (398 SE2d 810) (1990).

Accordingly, the verdict of the jury shall not be disturbed.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED JUNE 2, 1992.

*James J. Dalton* II, for appellant.

*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney,* for appellee.

