A92A1010. SHEPPARD v. THE STATE.
(422 SE2d 66)

SOGNIER, Chief Judge.

Kenneth Sheppard was convicted by a jury of seven counts of theft by receiving, and he appeals.

The evidence adduced at trial showed that, at the instigation of the National Auto Theft Bureau, a group funded by insurance companies, the Gwinnett Police Department set up an undercover operation designed to target auto thieves. They operated a garage and purchased stolen automobiles, recording the sales on videotape. Appellant was taped driving three stolen cars into the garage for delivery, and admitted his guilt as to these. He testified that he was brought into the criminal enterprise by two friends he claimed had been recruited by a police informant. Appellant's two friends were also charged and were tried jointly in a separate trial. The evidence showed that appellant was present at the garage when four other vehicles were delivered as well, and he was also charged with theft by receiving these vehicles.

Appellant testified that after delivering the first three cars he wanted to leave the operation but continued delivering stolen cars because he feared for his safety, and that after he made the first delivery the police informant repeatedly called him, seeking more cars and other drivers.

1. Appellant contends the trial court erred by denying his motion for a joint trial with his codefendants, arguing that the testimony of his codefendants was necessary to appellant's defense of entrapment. However, appellant cites no authority for his contention that he had a right to a joint trial, and it is well established that such joinder is within the discretion of the trial court. OCGA § 17-8-4; *Kirby v. State,* 174 Ga. App. 58, 59 (1) (329 SE2d 228) (1985). Moreover, appellant has failed to show harm, offering no reason why he could not have subpoenaed his codefendants at his separate trial, nor any showing that they would have testified at a joint trial. See *Kirby,* supra at 59-60 (2). As we find no abuse of the trial court's discretion, this enumeration is without merit.

2. Appellant also challenges the trial court's ruling allowing the admission of evidence of a prior burglary and auto theft by appellant

and certain statements made by appellant indicating commission of other robberies or motor vehicle thefts, arguing the admission of this evidence improperly placed his character into evidence.

We note that the three affirmative showings required of the State pursuant to *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), were complied with at a hearing outside the presence of the jury. The record shows that there was sufficient evidence to establish that appellant committed the independent acts, which were strikingly similar to the charged offenses. The trial court determined that the State did not seek to have this evidence admitted "to raise an improper inference as to [appellant's] character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility." Id.

The trial court permitted the State to introduce this evidence of appellant's prior burglaries and auto thefts for the purpose of rebutting appellant's defense of entrapment. In general, in the trial of a crime, evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980). However, "[o]nce appellant raised an entrapment defense with his testimony that he was induced to [continue delivering stolen cars] by [the police informant,] the State had the burden to prove predisposition beyond a reasonable doubt. [Cit.] Accordingly, evidence that during the same time frame appellant was [delivering stolen cars he was acknowledging having stolen other cars, and had previously committed auto theft and burglary] was admissible to prove bent of mind even though the evidence incidentally placed appellant's character into issue. [Cit.]" *Beauchene v. State*, 194 Ga. App. 222, 224 (2) (b) (390 SE2d 116) (1990). We hold that this was an "appropriate purpose . . . deemed to be an exception to the general rule of inadmissibility," *Williams*, supra, and thus the trial court properly allowed the introduction of this evidence.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*J. Stanley Rhymer*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.