A93A1151. HANCOCK v. THE STATE.
(437 SE2d 610)

BIRDSONG, Presiding Judge.

Ricky Lee Hancock appeals his judgment of conviction of trafficking in cocaine, possession of cocaine, and possession of cocaine with intent to distribute, the sentence, and the denial of his motion for new trial. In *State v. Hancock*, 203 Ga. App. 577 (417 SE2d 381), the State appealed the trial court's grant of appellant's motion to suppress; we concluded the trial court erred in granting the suppression motion and reversed.

Certain police witnesses testified to the circumstances surrounding appellant's arrest and to the seizure of cocaine hidden under appellant's hat. Appellant testified in his own behalf, denied criminality,

and asserted that the police were out to "bust" him and that he did not know where the cocaine could have come from. On cross-examination in response to questions posed by the State, appellant testified in a manner implying it could be shown the cocaine was planted because it was old cocaine (which appellant speculated may have come from the police evidence room) and that he knew about cocaine. *Held*:

1. Appellant claims, inter alia, he was denied effective assistance of counsel. His defense counsel testified at a post-trial hearing that she believes her representation of appellant was impaired by her medical condition, although she cannot be sure to what extent.

Pretermitting the issue of trial defense counsel's inadequacy is whether other reversible error occurred during appellant's trial. Although no timely specific objection was posed to the admission of certain evidence, we will not employ waiver to preclude appellate review of the merits of enumerations hereafter discussed. See generally *Taylor v. State*, 186 Ga. App. 113, 114-115 (3) (366 SE2d 422); *Kearney v. State*, 184 Ga. App. 64, 66 (360 SE2d 633); see *Ryals v. State*, 186 Ga. App. 457, 459 (367 SE2d 309) (concurring opinion).

2. Appellant asserts the trial court erred in allowing the State to place his character in evidence by allowing him to be cross-examined over certain prior drug convictions pertaining either to cocaine or marijuana, and thereafter admitting records of such convictions in evidence.

The State asserted appellant opened the door for cross-examination by testifying he was aware of the properties of old cocaine as he had been previously in possession of it and had lied about where he had seen it, and that he likewise opened the door for admission of records of his prior drug convictions. The record reveals appellant did not testify that he previously had been in possession of cocaine, nor did he otherwise *elect* to place his character in issue either during direct or cross-examination. Rather, during cross-examination, appellant eventually stated he had previously seen cocaine "plenty of places" including "on TV, everywhere else." Contrary to the State's contention, appellant neither expressly nor by implication lied as to the source of his knowledge of cocaine. By testifying that he had seen it plenty of places, on TV and everywhere else, appellant did not *rule out* or exclude his own prior personal possession; however, neither did appellant, by his testimony, *admit* expressly or by implication that he had been engaged in any prior criminal misconduct.

Moreover, "only where the defendant makes an election to place his good character in issue may the State offer evidence of the defendant's general bad character or his prior convictions under the authority of OCGA § 24-9-20 (b)." *Jones v. State*, 257 Ga. 753, 758 (1) (363 SE2d 529). Further, "a defendant does not put his 'character in issue' within the meaning of OCGA § 24-9-20 (b) by inadvertent

statements regarding his own good conduct." Id. The State concedes in its brief that, under the holding of *Jones*, supra, "appellant did not place his character into issue in terms of 'opening the door' for the admission of general character evidence." Thus, "[w]here the defendant testifies in his own behalf and ' "falsely denies past criminal conduct (or past misdeeds), the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of *specific testimony* of the defendant." ' " Id. at 759 (1a). Appellant did not falsely *deny* past criminal conduct; and even assuming he had falsely testified as to his prior possession of *cocaine*, appellant's prior convictions pertaining to possession or distribution of *marijuana* would not disprove and rebut that "specific testimony." Compare *Bryant v. State*, 204 Ga. App. 856, 860 (3) (420 SE2d 801). Also, "[w]here the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination. [Cit.] If, however, the defendant testifies he has committed a crime, implying that this is his only criminal record, his testimony is again subject to rebuttal by proof of other crimes he has committed." *Jones*, supra at 759 (1b). In this instance, appellant did not testify either on direct or cross-examination in such a way as to admit prior criminal conduct, within the meaning of this exception. Nor did he testify in a manner implying that he had no criminal record. Thus, this exception provides no assistance to the State. While sometimes evidence also can be offered, although not technically qualifying as similar transaction evidence due to its relevancy, to show a special relationship between an accused and a victim (*Rainwater v. State*, 256 Ga. 271 (347 SE2d 586)), this is not such a case. Further, "when a witness gives a non-responsive [and even belligerent] answer to a question impacting negatively on the defendant's character, this does not place the defendant's character in issue under OCGA § 24-9-20 (b)." *Jones*, supra at 759 (1c). Moreover, the Supreme Court overruled its holding in *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) to the effect that where a defendant admits to any prior criminal conduct which is less than all his criminal offenses, he has put his character in issue within the meaning of OCGA § 24-9-20 (b), by attempting to portray his bad character as better than it actually is. The Supreme Court concluded that when the petitioner admitted two crimes other than the crimes of which he was charged, the State could fully cross-examine him over this testimony, but was not entitled to introduce his prior felony convictions against him. *Jones*, supra at 760. Thus, our prior precedent that was grounded solely upon the above rule in *Phillips* can no longer be relied upon as controlling. The trial court erred in admitting the records of appellant's previous convictions in this instance.

Compare *Mikle v. State*, 236 Ga. 748 (225 SE2d 275); *Houston v. State*, 192 Ga. App. 73 (383 SE2d 571); *Moses v. State*, 190 Ga. App. 699 (3) (379 SE2d 819); *Hurston v. State*, 189 Ga. App. 748, 750 (3) (377 SE2d 519); *Williams v. State*, 187 Ga. App. 564, 566 (2) (370 SE2d 821); *Johnson v. State*, 186 Ga. App. 117 (366 SE2d 424), citing *Askew v. State*, 135 Ga. App. 56 (1) (217 SE2d 385) (State precipitated the issue).

*Thrasher v. State*, 204 Ga. App. 413 (1) (419 SE2d 516) and *Mitchell v. State*, 158 Ga. App. 628 (281 SE2d 260), cited by the State, are not controlling, as these cases involve situations where appellant testified falsely as to certain specific facts and the prior convictions constituted "sufficient evidence," within the meaning of OCGA § 24-1-1 (7), to refute such *specific* testimony.

The State argues that the records of conviction were admissible in evidence as defense's claim of drug planting was analogous to a claim of entrapment and that this type of evidence is admissible to show appellant's bent of mind. While we agree that a drug planting claim is analogous in a certain respect to an entrapment claim, in order to be admissible to show bent of mind such evidence must meet the so-called similar transaction test (see generally *Williams v. State*, 261 Ga. 640 (409 SE2d 649)). Compare *Sheppard v. State*, 205 Ga. App. 373 (422 SE2d 66). The similar transaction requirements of *Williams*, supra, were not met in this instance.

Nor can we conclude, using the standard of *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869), the error was harmless.

3. Appellant asserts the trial court erred in imposing a life sentence because, as evidence exists only of the two bags of cocaine hidden together under his hat, the offenses of cocaine possession and cocaine possession with intent to distribute merged into the greater offense of cocaine trafficking, and a life sentence is not authorized for trafficking. At sentencing, appellant's defense counsel questioned whether possession and possession with intent to distribute would be a lesser offense of trafficking, and stated that trafficking does not carry a life sentence. (Assuming arguendo, appellant's counsel failed to object in proper form to this matter, the issue, in this instance, is still preserved for appellate review. *Taylor*, supra; *Kearney*, supra.) The State asserts that as appellant was convicted of possession of cocaine with intent to distribute, a life sentence is mandated by OCGA § 16-13-30 (b), and that possession to distribute is the greater offense in this case, merely because it carries the greater punishment. But see *Horne v. State*, 192 Ga. App. 528, 533 (6), 535 (385 SE2d 704) (majority and concurring opinions).

(a) OCGA § 16-1-7 (a) (1) pertinently provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused . . . may not, however, be *convicted* of more than

one crime if: (1) One crime is included in the other." (Emphasis supplied.) OCGA § 16-1-6 (1) contains the standards for determining whether an offense is lesser included as a matter of fact; the second subsection of this Code provision sets out the standards for determining whether the offense is lesser included as a matter of law. *Harmon v. State*, 208 Ga. App. 271 (430 SE2d 399). Offenses can be lesser included offenses of greater offenses either as a matter of fact or of law; these are alternative and not conjunctive. *Harmon v. State*, supra; see generally *State v. Sallie*, 206 Ga. App. 732 (427 SE2d 11), citing *State v. Evans*, 192 Ga. App. 216 (384 SE2d 404). OCGA § 16-1-6 (1) provides that an offense can be a lesser included offense, as a matter of fact, when: "(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." "That portion of OCGA § 16-1-6 (1) pertaining to a proof of the same facts test is but a variant application of the 'uses up all the evidence' test, cited in *Fredrick* [*v. State*, 181 Ga. App. 600, 602 (2) (353 SE2d 41)] and established in *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185)." *Sallie*, supra at 734.

(b) It has been concluded that under our current statutes, a "sentence for second offense of possession of cocaine is greater than that for trafficking in cocaine." *Hall v. State*, 262 Ga. 596, 597 (1a) (422 SE2d 533). Nevertheless, neither OCGA § 16-1-6 nor OCGA § 16-1-7 purport to make any offense a greater offense, either as a matter of law or fact, *solely* because violation thereof mandates or otherwise results in the imposition of a greater sentence, or to make any offense a lesser included offense merely because a lesser sentence was statutorily authorized for its violation. Rather, notwithstanding the sentence authorized or mandated, an offense is lesser as a matter of fact if (after proper application of the above tests) it is found to fall within the parameters of OCGA § 16-1-6 (1). There rationally may be a difference between what is perceived by the legislature as the more "serious" offense for sentencing purposes, and that which it perceives to be a "lesser" offense for purposes of statutory prohibition of multiple prosecution for the same criminal conduct. Compare OCGA §§ 16-1-6 (1); 16-1-7 (a) with *Tillman v. State*, 260 Ga. 801 (400 SE2d 632) and *Hall*, supra. Thus, merely because a conviction for possession with intent to distribute may mandate life imprisonment is not controlling in determining whether such an offense is a greater or lesser included offense of trafficking. OCGA § 16-1-6 (1). See generally *Horne v. State*, supra, and compare the majority opinion as to merger (id. at 533 (6)) with the concurring opinion (id. at 534).

(c) The offense of possession of cocaine was a lesser included offense of the offense of possession with intent to distribute cocaine as a matter of law. *Talley v. State*, 200 Ga. App. 442, 446 (408 SE2d 463).

(Likewise, it has been held that an OCGA § 16-13-30 (b) offense is a lesser included offense, as a matter of law, of a trafficking conviction under OCGA § 16-13-31. *Gilbert v. State*, 208 Ga. App. 258 (430 SE2d 391).) Possession of cocaine also was a lesser included offense, as a matter of fact, of possession with intent to distribute cocaine, as the same evidence used to prove the greater offense of possession with intent to distribute would per force prove the lesser offense of possession as averred in the indictment. Id.

The offense of possession of cocaine has been held to be a separate crime from that of illegal sale of cocaine, under the alternative matter of law test, but to be a lesser included crime (under the facts there attendant) as a matter of fact. *State v. Estevez*, 232 Ga. 316, 320 (1) (206 SE2d 475). However, pretermitting whether either possession, possession with intent to distribute, or both is a lesser offense, as a matter of law, of trafficking (compare *Estevez*, supra, with *Gilbert*, supra, and *Montgomery v. State*, 204 Ga. App. 534, 537 (6) (420 SE2d 67) (dictum)) is whether in this instance the offenses were lesser included as a matter of fact. Compare *Iglesias v. State*, 191 Ga. App. 403 (381 SE2d 604); see also *McAlister v. State*, 204 Ga. App. 259 (419 SE2d 64) (dictum) (trial court vacated possession with intent to distribute cocaine conviction as it constituted a lesser included offense of trafficking); *Kemp v. State*, 201 Ga. App. 629, 630 (411 SE2d 880) (dictum) (co-defendant charged with trafficking and convicted of "the lesser included offense" of possession of cocaine); *Marshall v. State*, 197 Ga. App. 762, 763 (2) (399 SE2d 555) ("[a]ppellant was indicted for trafficking in cocaine, and the jury was charged on that offense and the lesser included offenses, possession with intent to distribute and simple possession"; "the charge was a correct statement of the law"); *Owens v. State*, 192 Ga. App. 335, 340 (1a) (384 SE2d 920) (co-appellant indicted for trafficking in cocaine but convicted of "the lesser included offense of possession of cocaine with intent to distribute"); cf. *Foster v. Cohen*, 203 Ga. App. 434 (417 SE2d 61).

The record establishes that the same two bags of cocaine found hidden together in appellant's hat constituted the only cocaine used to prove appellant's commission of Counts 1, 2, and 3, distribution, possession, and possession with intent to distribute cocaine, respectively. Also, the record establishes the gross and net weights of the cocaine, but contains no evidence of the separate weight of the drugs contained in each individual bag. Thus, to prove the averment in the distribution count that appellant had in his possession 28 grams or more of cocaine, it *also* was necessary for the State to rely upon the combined drug weight contained in both bags of cocaine. Thus, the offenses of possession of cocaine and possession of cocaine with intent to distribute were lesser included offenses, as a matter of fact, of the distribution offense. Proof of the two possession offenses, under the

circumstances of this case, was established by "the same or less than all the facts" required to establish the distribution offense; intent to distribute was established in this instance by the circumstances surrounding appellant's search and the seizure of two bags of cocaine from his possession. Conversely, proof of the distribution offense required not only proof of the circumstances surrounding appellant's search and the seizure of two bags of cocaine from his possession, but also additional proof of facts concerning the weight and purity of the cocaine mixture. In *Iglesias*, supra at 403, appellant was convicted of both cocaine trafficking and possession of cocaine with intent to distribute, the *conviction* for possession with intent to distribute was reversed and the sentence vacated; in doing so, it was held: "[U]nder the facts of this case [appellant] could not be convicted of both cocaine trafficking and also possession of cocaine with intent to distribute. As the State has conceded, the charge of possession with intent to distribute was a *lesser included offense of trafficking as a matter of fact* because the evidence required to convict appellant . . . was the only evidence showing possession with intent to distribute, see OCGA § 16-1-6 (1); *State v. Estevez*, [supra]." (Emphasis supplied.)

Accordingly, we conclude that the trial court erred. In view of our holding in Division 2 above, rather than vacating all but the trafficking conviction and remanding the case to the trial court for re-sentencing consistent with the precedent contained in this opinion, we reverse the judgment of convictions in their entirety. (In the interest of judicial economy, we note the attempted corrective action of the trial court of merely vacating the sentences for certain of the offenses but allowing the *convictions* of all three to stand is not in compliance with the statutory requirement of OCGA §§ 16-1-6 (1) and 16-1-7 (a).)

4. Appellant, citing *Trenor v. State*, 252 Ga. 264 (313 SE2d 482), asserts the trial court erred in its charge on intent by failing to inform the jury that a presumption of intent may be rebutted. In view of our holding above, we need not address either this claim nor any other remaining enumeration of error.

*Judgment reversed. Pope, C. J., and Andrews, J., concur specially.*

PODE, Chief Judge, concurring specially.

I write separately because I disagree with the majority's conclusion in Division 1 that waiver does not preclude our consideration of the issue of whether similar transaction evidence was properly admitted at trial by failing properly to object in the trial court and, consequently, with Division 2 of the majority opinion which holds that defendant is entitled to a new trial because of the erroneous admission

of this evidence. However, I do believe the evidence was inadmissible for the reasons stated in the majority opinion; that defense counsel's failure to assert these arguments in the trial court was deficient; and that counsel's deficient performance of the defendant prejudiced the defense so as to result in ineffective representation at trial. Accord *Bryant v. State*, 204 Ga. App. 856 (3) (420 SE2d 801) (1992); cf. *Gilbert v. State*, 208 Ga. App. 258 (4) (e) (430 SE2d 391) (1993) (in which the court rejected defendant's contention that trial counsel was ineffective for failing to object to prior crimes evidence because the evidence of defendant's guilt was overwhelming). Thus, defendant is not only entitled to re-sentencing, as the majority properly concludes in Division 3, he is also entitled to a new trial, but, in my opinion, for the reason that previous counsel rendered ineffective assistance of counsel at trial.

I am authorized to state that Judge Andrews joins in this special concurrence.

DECIDED OCTOBER 13, 1993.

*Daniel B. Kane*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Lisa W. Pettit, Assistant District Attorneys*, for appellee.