## 33204. RICKS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He appeals. We affirm.

1. Appellant filed a pre-trial motion for a psychiatric examination at state expense. It was supported by his attorney's affidavit that he believed appellant may not have had the mental capacity to distinguish between right and wrong at the time of the alleged crime and for defendant to be tried fairly inquiry should be made as to his mental condition. The trial court denied the motion after hearing. There is no transcript of that hearing. However, the evidence at trial shows that the appellant, apparently without any motive, shot the victim, Billy Duncan, to death in front of his home. Appellant testified he did not remember actually shooting the victim and wished he knew why he did it. Appellant and the victim had lived in adjoining apartments in a duplex for two years and were friends. Prior to the shooting appellant clearly remembered the details of having gone to a lounge where he drank several beers. He testified the victim and his cousin came into the lounge and joined him, each drinking two more beers. After a short time the victim, the cousin and appellant left the lounge and went home, with the victim giving appellant a "ride" in his car. The victim and the cousin entered the victim's apartment. The victim said he would be back in a minute and stepped back out the door. Almost instantly gun shots were heard and the victim was found dead behind his car. Appellant testified he remembered running away and throwing the pistol used in the killing into the bushes. Later appellant called his mother and asked if Billy was dead. She persuaded him to give himself up to the police. Appellant's mother testified that on occasion during the preceding several years appellant could not sleep at night, would beat his head with his fists, go into hysterics and that she had advised him to see a psychiatrist. She

testified further that appellant was not a "wild man of any kind," knew right from wrong; he worked and came "in and out of the house as anyone else." Appellant testified he attempted suicide about a year ago.

The issue of insanity at the time of the crime was tried under the general plea of not guilty. Appellant's attorney effectively presented all evidence available on this issue to the jury. The trial judge charged on insanity and presented the issue to the jury. It was rejected. In our opinion the evidence supports the verdict.

Appellant contends it was error to deny his pre-trial motion for a psychiatric examination. He claims also the trial court should have ordered such examination on its own motion. He contends further that he was denied effective assistance of counsel because counsel did not file a special plea of insanity.

This court has held that a trial court has the inherent right to investigate the sanity of an accused before trial. However, there is no mandatory requirement that it do so. Likewise there is no mandatory requirement that a trial court have the accused, whether indigent or not, examined at state expense by a psychiatrist. *Taylor v. State*, 229 Ga. 536 (192 SE2d 249) (1972). The issue of the accused's insanity at the time of the alleged crime is a question for the trial jury. The issue of the accused's competency to stand trial is a question for a special jury upon a special plea of insanity. Code Ann. § 27-1502. In either case, the question ultimately is whether the evidence supports the verdict.

The issue of appellant's competency to stand trial was not submitted to a special jury because appellant's attorney did not file a special plea of insanity. Code Ann. § 27-1502. Absent a special plea of insanity there is no mandatory duty on the trial judge to impanel a special jury to determine that issue. However, the United States Supreme Court has held that the failure to observe procedures adequate to protect an accused's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. Pate v. Robinson, 383 U. S. 375 (86 SC 836) (1966). This also is a question of evidence. As stated in Drope v. Missouri, 420 U. S. 162, 174 (95 SC 896) (1974), ". . . the dispute concerns

the inferences that were to be drawn from the undisputed evidence and whether, in light of what was then known, the failure to make further inquiry into petitioner's competence to stand trial denied him a fair trial." Here the trial court held a hearing on the pre-trial motion and denied it.

Although we do not have a transcript of that hearing the trial judge must have been satisfied of the appellant's competence to stand trial and presumably the evidence supported such finding. Apparently appellant's attorney was satisfied also because he entered no special plea of insanity. These conclusions, in our opinion, are supported by the trial transcript. The appellant testified clearly and cogently, and remembered all the details surrounding the crime except the actual firing of the pistol. Although his mother testified to appellant's irrational behavior on occasion, it is our opinion that it did not approach the bizarre conduct of the accuseds in Pate and Drope, supra. Accordingly we find no error in the trial court's not ordering on its own motion a further hearing of appellant's competency to stand trial. Likewise we find no denial of effective assistance of counsel in electing not to file a special plea of insanity.

2. The court did not err in excluding questions by defense counsel to appellant asking whether he had requested the court to have a psychiatrist examine him and how he had obtained a lawyer.

3. There was no harmful error in admitting into evidence a report of a blood alcohol test showing a reading of .13 four hours following the killing. A doctor testified for the state concerning the contents of this report and defense counsel cross examined concerning the meaning of .13. The appellant testified he had consumed four or five beers prior to the shooting and others testified without objection in corroboration of this fact, including officers who smelled alcohol on his breath when they arrested appellant.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1978 — DECIDED FEBRUARY 28, 1978.

*Fuller & Schiller, William M. Schiller,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.