## 62152. BURNEY v. THE STATE.

CARLEY, Judge.

Appellant appeals from his burglary conviction.

On the second day of appellant's trial he filed a motion to suppress evidence. A hearing on the motion was held and the trial court ruled that it had not been timely filed. Appellant enumerates as error the dismissal of his motion to suppress.

A "motion [to suppress] must be timely made or else it is waived. [Cits.]" *Thomas v. State,* 118 Ga. App. 359, 360 (163 SE2d 850) (1968). The only reason advanced to explain why the motion had not been filed before the second day of trial was that, until that time,

appellant's counsel had not been aware of the fact that the search had been conducted pursuant to a warrant. However, under the facts of the case, the trial court was clearly authorized to find that excuse to be "dilatory" in nature and that the motion was not timely filed. See *Holton v. State,* 243 Ga. 312, 316 (3) (253 SE2d 736) (1979). Appellant's motion to suppress having been properly dismissed as untimely filed, it was not error to proceed with the trial and to deny appellant the opportunity to pursue further the issue of the suppression of evidence. Having determined that the motion was untimely filed, further pursuit of the issue would have been an unwarranted "interruption of the trial for the purpose of investigating the collateral issue of the legality of the means by which the evidence was obtained." *Thomas v. State,* 118 Ga. App. at 361, supra.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*William G. Posey,* for appellant.
*William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.