## 63208. MORROW v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of incest. He appeals.

1. The trial court did not err, in the absence of a timely written request, in failing to charge that mere presence at the scene of the crime would not be sufficient to establish guilt. See *Darden v. State,* 171 Ga. 848, 862 (4) (157 SE 48) (1930); *Burdett v. State,* 159 Ga. App. 394 (1) (283 SE2d 622) (1981).

2. In related enumerations of error, it is urged that appellant's conviction cannot stand because the trial court erred in not ordering, on its own motion, a hearing on the question of appellant's competency to stand trial.

"The issue of the accused's insanity at the time of the alleged crime is a question for the trial jury. The issue of the accused's competency to stand trial is a question for a special jury upon a special plea of insanity. Code Ann. § 27-1502. In either case, the question ultimately is whether the evidence supports the verdict. The issue of appellant's competency to stand trial was not submitted to a special jury because appellant's attorney did not file a special plea of insanity. Code Ann. § 27-1502. Absent a special plea of insanity there is no mandatory duty on the trial judge to impanel a special jury to determine that issue. However, the United States Supreme Court has held that the failure to observe procedures adequate to protect an accused's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. Pate v. Robinson, 383 U. S. 375 (86 SC 836) (1966). This also is a question of evidence. As stated in Drope v. Missouri, 420 U. S. 162, 174 (95 SC 896) (1974), '. . . the dispute concerns the inferences that were to be drawn from the undisputed evidence and whether, in light of what was then known, the failure to make further inquiry into petitioner's competence to stand trial denied him a fair trial.' " *Ricks v. State,* 240 Ga. 853, 854-855 (242 SE2d 604) (1978).

Thus, the issue of appellant's "mental competency" "does not involve any issue of insanity. [Cit.] . . . 'Mental competence' relates only to the ability of the defendant, *at the time of the trial,* to intelligently participate in his trial . . ." *Echols v. State,* 149 Ga. App. 620, 623 (255 SE2d 92) (1979). The issue " 'is not, whether the defendant can distinguish between right and wrong, but is, whether he is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands.' " *Crawford v. State,* 240 Ga. 321, 326 (240 SE2d 824) (1977).

The application of the above stated legal principles to the instant case demonstrates no error in the trial court's failure to order, on its own motion, a hearing on appellant's competency. Our independent review of the transcript indicates nothing "suggesting incompetence which came to light during trial." Drope, 420 U. S. at 179, supra. The evidence at trial relied upon by appellant as demonstrating an "inference" of incompetency does "not approach the bizarre conduct of the accuseds in Pate and Drope, supra." *Ricks,*

240 Ga. at 855, supra.

Appellant also relies upon the fact that the trial court, after hearing evidence during the sentencing phase of the case, observed that appellant was "at least limitedly sick" and made "psychiatric treatment while incarcerated and upon release" a special condition of the sentence imposed. The statement by the trial court is not "evidence" of appellant's incompetency. The issue on appeal is not whether appellant was, for purposes of sentencing, "sick" in the opinion of the trial court but whether, for purposes of due process, he was "mentally incompetent" to stand trial. It is evident that the trial court in the instant case, having heard the evidence relevant to the question of appellant's guilt of incest and to the issue of the sentence that should be imposed therefor, made an observation which did not reflect on appellant's competency to stand trial. The trial court merely stated that appellant was "sick" and entered a sentence accordingly. Thus, from the record before us, it appears that the procedures followed in the instant case in no way resulted in a deprivation of appellant's due process right to a fair trial but in fact resulted in the imposition of a sentence ostensibly more appropriate for one who, though guilty of a crime, is "sick." The observation by the trial court in sentencing appellant and the "evidence" apparently evoking that statement simply do not demonstrate that " 'the failure to make further inquiry into petitioner's competence to stand trial denied him a fair trial.' " *Ricks,* 240 Ga. at 855, supra. Accordingly, we find no error.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 6, 1982 —
REHEARING DENIED APRIL 22, 1982.

*Paul S. Weiner,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Paul Howard, Assistant District Attorneys,* for appellee.