65151. HOUSTON v. THE STATE.

DEEN, Presiding Judge.

Roger Houston brings this appeal following his conviction of armed robbery.

1. The trial court did not err in denying the defendant's request (made on the day of trial) for an independent medical examination following the return of a special plea verdict three days previously.

After indictment, defense counsel filed several motions including a special plea of insanity and the hearing was conducted on October 20, 1980. Although there is no transcript of that hearing in the present record, both sides agree that the county physician and a physician specializing in psychiatry examined him and testified at the hearing. The jury found the defendant to be sane at the time of the hearing. On October 23, the day of trial, the defendant filed motions requesting a physical examination at his own expense and for a continuance. The court denied both motions and we find no error.

There is no right to a direct review from a finding against a special plea of insanity unless the trial court certifies the judgment for immediate review. *Spell v. State,* 225 Ga. 705 (171 SE2d 285) (1969). Therefore, unless such a certificate is obtained, the trial court does not err in proceeding directly to trial. The trial court, however, does have the right to investigate the sanity of a defendant to satisfy itself that he has sufficient mental capacity to go on trial. *Ricks v. State,* 240 Ga. 853 (242 SE2d 604) (1978). In the present case, the court heard the testimony of the two physicians at the hearing three days previously and received the jury's verdict. It clearly did not abuse its discretion in denying further psychiatric examination and in denying a continuance.

2. The defendant's failure to file a written motion to suppress certain tangible evidence seized from his home constituted a waiver of objection to the introduction of such evidence at trial. Subsequent to the defendant's arrest, he informed a police officer that the "gun was in a hat hid behind a door that's laid down on the floor in a concrete block structure that was built onto the trailer" and that the money had been thrown out of a window. The officer found the gun in the hat in the place described by the defendant and the money was discovered in a canvas bag approximately 100 to 150 feet away from the mobile home. Over objection, the officer was permitted to testify about the gun and the hat. The defendant contends that he received no notice from the state about these articles and, as a result, he did not file a motion to suppress.

A Jackson-Denno hearing was conducted prior to trial and a taped interview with the defendant was played for the court. During this interview references are made to the gun. In particular, the defendant was asked: "Roger, when we got the gun from your residence . . ." At this point counsel was made aware of the search and should have filed a motion to suppress. Failure to file a timely written motion to suppress constitutes a waiver of a defendant's right to challenge the legality of the search and seizure. *Peppers v. State,* 144 Ga. App. 662 (242 SE2d 330) (1978). See also *Burney v. State,* 159 Ga. App. 651 (285 SE2d 49) (1981); *Tankersley v. State,* 155 Ga. App. 917

(273 SE2d 862) (1980).

*Judgment affirmed. Sognier, J., concurs. Pope, J., concurs specially.*

DECIDED JANUARY 5, 1983 —
REHEARING DENIED JANUARY 28, 1983 — ■■■■■■■■

*Frank J. Petrella,* for appellant.

*Arthur E. Mallory III, District Attorney, Robert Sullivan, Anita F. Smith, Assistant District Attorneys,* for appellee.

POPE, Judge, concurring specially.

While I agree that the judgment against defendant Houston should be affirmed, I wish to offer the following additional comments as to Division 1 of the foregoing opinion. Defendant's first enumeration of error challenges the trial court's denial of his motion for a thorough physical and psychiatric examination and accompanying motion for a continuance. These motions were filed on the day of trial and three days after defendant had been adjudged competent to stand trial following a hearing on a special plea of insanity pursuant to Code Ann. § 27-1502 (now OCGA § 17-7-130). The basis for these motions was the testimony of the psychiatrist who had testified at defendant's competency hearing. In the psychiatrist's opinion, defendant was suffering from some disease of the mind or body which affected his mental capacity, and defendant needed "a thorough neurological, psychiatric and physical examination" in order to properly diagnose his condition.

Initially, it must be pointed out that the issue raised by this enumeration relates both to defendant's special plea of insanity and also to his general plea at trial of not guilty by reason of insanity. See generally *Echols v. State,* 149 Ga. App. 620 (2) (255 SE2d 92) (1979). The thrust of defendant's argument here is that he was unfairly denied the opportunity to have an expert of his own choosing, "bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." *Sabel v. State,* 248 Ga. 10, 18 (282 SE2d 61) (1981). The "critical evidence" in this case was the defendant himself, and the "varying expert opinion" was as to his competence to stand trial and also to his sanity at the time of the alleged crime. Nevertheless, the opinion in *Sabel* provides no support for this enumeration of error.

As correctly pointed out in Division 1 of the opinion, the trial court did not err in denying defendant's motions relative to his special plea of insanity. *Spell v. State,* 225 Ga. 705 (1) (171 SE2d 285) (1969). See also *Campbell v. State,* 231 Ga. 69 (2) (200 SE2d 690)

(1973). Insofar as his motions related to his general plea of not guilty by reason of insanity, the record discloses that the psychiatrist who testified both at the competency hearing and at trial *was an expert of defendant's own choosing.* Clearly, the trial court did not abuse its discretion in denying defendant's motions. See *Corn v. State,* 240 Ga. 130 (6) (240 SE2d 694) (1977).