## A00A1670. LUMPKIN v. THE STATE.
### (538 SE2d 514)

RUFFIN, Judge.

A jury found Christopher Lumpkin guilty of trafficking in cocaine. Lumpkin appeals, arguing that the trial court erred by failing to charge the jury on the lesser included offense of possession of cocaine with intent to distribute. We agree and reverse.

The relevant facts, taken in the light most favorable to the jury verdict, are as follows. While on routine patrol, Police Officers Wil-

liam Gibson and Robert Frey approached a group of four or five people, including Lumpkin, in a parking lot. Frey saw Lumpkin turn and walk toward a pile of lumber with a clear plastic bag in his hand. Lumpkin placed the bag on the pile. Frey then searched the pile and found a ziplock bag containing four smaller bags, three of which contained a "chunky, off-white brownish substance" and one of which contained "a whiter powder." Frey field-tested the substances to determine whether they were cocaine, and then gave them to a police investigator who sent them to the State Crime Lab for analysis. There, chemist Sandra Butrum analyzed the substances and determined that they contained cocaine[1] and that their total weight was 28.0 grams. Lumpkin was indicted for trafficking in cocaine. The indictment alleged that Lumpkin did "knowingly possess and have under his control 28 grams of cocaine."

Lumpkin submitted to the trial court written requests to charge, including a charge on the offense of possession of cocaine with intent to distribute. The State objected to that charge, and the trial court refused to give it. On appeal, Lumpkin argues that the charge should have been given because possession with intent to distribute cocaine is a lesser included offense of trafficking in cocaine and there was evidence that Lumpkin committed the lesser included offense.[2]

"Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense."[3] Under OCGA § 16-13-31 (a) (1), a person who knowingly possesses twenty-eight grams or more of cocaine or any mixture with a purity of ten percent or more of cocaine commits the offense of trafficking in cocaine. Under OCGA § 16-13-30 (a), a person who knowingly possesses *any* amount of cocaine or any mixture with a purity of ten percent or more of cocaine commits the offense of possession of cocaine.[4] We have held that where an indictment alleges that the defendant committed the offense of trafficking in cocaine by possessing more than 28 grams of cocaine, simple possession is a "lesser offense included as a matter of fact in the greater indicted offense of trafficking by possessing more

---

[1] Butrum testified that there were two different substances and that one substance was fifty-four percent cocaine and the other was thirty-four percent cocaine.

[2] The State argues that Lumpkin may not complain of the trial court's failure to give one of his requested charges because the record does not contain a copy of Lumpkin's requests to charge. See *Carter v. State*, 263 Ga. 401, 403 (4) (435 SE2d 42) (1993) (where record did not contain copy of requested charge, court could not determine legal accuracy of charge). But the record shows that Lumpkin's requested charges were pattern charges, and their content is not in dispute. Moreover, the prosecutor objected to the simple possession charge not because it was legally inaccurate, but on the ground that it did not apply to the case.

[3] *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

[4] See *Howard v. State*, 220 Ga. App. 579, 583 (2) (469 SE2d 746) (1996).

than 28 grams of cocaine."[5] Thus, the trial court erred by failing to charge the jury on simple possession.[6]

Charging errors are presumed to be harmful.[7] Reversal is not required, however, if "it is highly probable that the failure to give [a charge on a lesser included offense] did not contribute to the verdict."[8] On the facts of this case, we cannot say that the failure to give the simple possession charge was harmless error.

The State's forensic expert, Butrum, testified that the amount of cocaine in the ziplock bag was 28.0 grams, which is *exactly* the statutory minimum amount for the offense of trafficking. Thus, if the jury did not believe that Butrum's testimony showed beyond a reasonable doubt that the amount of cocaine was 28.0 grams, it could have found Lumpkin guilty of the lesser possession charge. On cross-examination, Lumpkin's attorney sought to cast doubt upon the validity of Butrum's measurement. In addition, Frey testified as follows on cross-examination:

Q: [W]hat did you do with [the substance]?
A: Well, I field tested it.

. . .

Q: And you didn't charge my client with trafficking in cocaine, did you?
A: I charged him at that time with possession.
Q: Okay, and you all have scales, I'm sure, don't you?
A: Well, they're not — not certified and don't meet all the — you know, the requirements for testing and stuff that the crime lab has, and . . . we'd just wait for the weight to get back.
Q: Okay, but you have scales?
A: Yes sir.
Q: And you would've — if it had weighed over twenty-eight grams, you would've charged trafficking, would you not?
A: If it was close.
Q: You would have charged it.
A: Yes sir, yes sir.

From this testimony, the jury could have inferred that Frey weighed the cocaine and found it to be less than 28 grams. Accordingly, there

[5] Id.; see also *Adorno v. State*, 236 Ga. App. 588, 592 (4) (512 SE2d 703) (1999); *Cook v. State*, 226 Ga. App. 113, 115 (2) (485 SE2d 595) (1997).
[6] See *Adorno*, supra.
[7] *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988).
[8] *Edwards*, supra.

was evidence — however slight — that Lumpkin was guilty of simple possession rather than trafficking.

"[S]ince this court does not weigh the credibility of witnesses, we cannot conclude that the failure to allow the jury to consider a lesser included offense was harmless error,"[9] particularly since the amount of cocaine alleged in the indictment was *precisely* the threshold for trafficking and the accuracy of the weight measurement was critical. We therefore reverse.[10]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 21, 2000.

*James W. Smith*, for appellant.

*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.

---

[9] *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995).

[10] In light of this decision, we need not consider Lumpkin's other enumeration of error.