## A05A0530. RUPNIK v. THE STATE.
### (614 SE2d 153)

MIKELL, Judge.

Monica Lynn Rupnik was indicted for trafficking in methamphetamine, OCGA § 16-13-31 (e), but was convicted of possession of methamphetamine with intent to distribute, a violation of OCGA § 16-13-30 (b). She appeals from the order denying her motion for new trial, contending that the trial court erred in charging the jury on possession with intent to distribute as a lesser included offense because she was not indicted for that offense. We disagree and affirm.

The evidence shows that when officers arrived at a home to execute an arrest warrant, Rupnik was standing in the driveway next to the passenger door of her car with two other people. The officers saw Rupnik throw something into the car when they drove up, and they found a white plastic bag containing a solid material in the passenger's seat. Rupnik's purse was found in the back seat; it contained seven baggies of methamphetamine weighing a total of 16.27 grams, plus or minus 0.08 grams. A spiral notebook, in which numerous sales of methamphetamine were recorded, was found next to Rupnik's purse. A metal case containing two bags of methamphetamine weighing 23.04 grams and 5.62 grams, respectively, was found on the ground by the driver's side of the car. Drug paraphernalia was

found inside the case, including a butane lighter with the initials "M. T.," the same initials as Rupnik's maiden name, Monica Taylor.

Rupnik gave a statement to police. She admitted possessing the methamphetamine found in her purse but claimed that she did not know who owned the metal case.

The trial court charged the jury on trafficking in methamphetamine, possession of methamphetamine under OCGA § 16-13-30 (a), and, at the state's request, possession with intent to distribute. The jury found her guilty of possession with intent to distribute.

On appeal, Rupnik concedes her guilt to simple possession and does not challenge the sufficiency of the evidence to support her conviction of possession with intent to distribute. However, she argues that by charging "intent to distribute," the trial court permitted the jury to convict her of committing the crime in a manner not alleged in the indictment.[1] She claims that her due process rights were violated because she was not on notice that she would be tried on this charge. We disagree. Pretermitting whether possession of methamphetamine with intent to distribute is a lesser included offense of trafficking as a matter of law, it is, in this case, included as a matter of fact.[2]

Under OCGA § 16-13-31 (e), "[a]ny person who knowingly sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in methamphetamine." OCGA § 16-13-30 (b) makes it "unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." The essential difference between the two crimes is the amount of the substance involved.

> A look at the entire statutory scheme of crimes involving controlled substances sheds some light on the issue. OCGA § 16-13-30 (a) makes the mere possession of any amount of a controlled substance a crime and prescribes a certain penalty. OCGA § 16-13-30 (b) prohibits the manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any amount of a controlled substance and provides a greater penalty than (a). OCGA

---

[1] See *Stephens v. State*, 255 Ga. App. 680, 684 (6) (569 SE2d 250) (2002) ("when the indictment specifies the commission of a crime by only one of several methods possible under the statute, it may be reversible error to charge the entire Code section if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a manner not alleged in the indictment") (citation omitted).

[2] See *Gilbert v. State*, 208 Ga. App. 258, 260-261 (1) (430 SE2d 391) (1993) (for sentencing purposes, OCGA § 16-13-30 (b) offense is a lesser included offense, as a matter of law, of a trafficking conviction under OCGA § 16-13-31).

§ 16-13-31 aims at a yet more serious offense and calls it "trafficking." . . . [T]he amount of controlled substance was chosen as the basis for distinguishing the crime of trafficking from the somewhat less serious crimes. Twenty-eight grams was chosen as the dividing line.[3]

This Supreme Court precedent was relied upon in *Pitts v. State*[4] to explain why possession of cocaine with intent to distribute is a lesser included offense of trafficking.

Generally, "trafficking" is defined as, "[t]rading or dealing in certain goods and commonly used in connection with illegal narcotic sales." An amount of cocaine sufficient to constitute the offense of trafficking, i.e., 28 grams or more, well exceeds a "user" amount of cocaine and implies that a defendant so charged "trafficks" or deals in cocaine. This is why possession of cocaine with intent to distribute is a lesser included offense of trafficking.[5]

Moreover, "[t]he 'intent to distribute' which is necessary to the crime of possession of a substance under § 16-13-30 (b) is satisfied by the reasonable inference that a person who possesses more than the 28 grams of cocaine under § 16-13-31 intends to distribute it."[6] Therefore, as Rupnik was indicted for possession of more than 28 grams, she had sufficient notice that the lesser included offense of possession with intent to distribute might be submitted to the jury if the evidence warranted it. By charging the lesser offense, the trial court did not permit the jury to convict Rupnik of committing the crime of possession of methamphetamine in a manner not alleged in the indictment.

These precedents are consistent with OCGA § 16-1-6, which provides that an included crime "is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged," or is one which "differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public

---

[3] *Bassett v. Lemacks*, 258 Ga. 367, 370 (2) (370 SE2d 146) (1988).

[4] 260 Ga. App. 553 (580 SE2d 618) (2003).

[5] (Footnotes omitted.) Id. at 563 (8) (b) (although defendant indicted for both possession with intent to distribute and trafficking). See also *Nunery v. State*, 229 Ga. App. 246, 247 (1) (493 SE2d 610) (1997) (convictions for selling methamphetamine were lesser included offenses of the convictions for trafficking in methamphetamine and, therefore, merged into the trafficking convictions); *Hancock v. State*, 210 Ga. App. 528, 533 (3) (c) (437 SE2d 610) (1993) (possession of cocaine was a lesser included offense of the offense of possession with intent to distribute cocaine as a matter of law) (physical precedent only).

[6] *Gilbert*, supra at 261 (1).

interest or a lesser kind of culpability suffices to establish its commission." Here, the jury could have found less than all of the facts necessary to prove trafficking, i.e., that Rupnik possessed less than 28 grams, but that she possessed an amount indicative of intent to distribute and inconsistent with possession for personal use.

The propriety of charging the lesser offense is illustrated by *Lumpkin v. State*,[7] a case in which we reversed a trafficking conviction because the trial court failed to charge the jury on possession with intent to distribute. In that case, as in the case at bar, the defendant was indicted only for trafficking.[8] He requested a charge on possession with intent to distribute. The state objected, and the trial court refused to give the charge. In reversing, we held that there was evidence to support the charge, and the failure to give it was harmful error.[9] In so holding, we relied on the principle that "[w]here a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense."[10] It follows that not every lesser included offense must be specified in the indictment.[11]

Finally, Rupnik does not cite a single case involving violation of the Controlled Substances Act. Rather, she relies on wholly inapposite cases such as *Heggs v. State*,[12] in which we held that child molestation was not a lesser included offense of rape as a matter of law because, unlike rape, child molestation requires proof that the victim is under the age of 16, and the indictment did not allege the victim's age.[13] As we have explained above, the indictment in the case at bar did not suffer the same infirmity. It alleged that Rupnik committed trafficking by possessing more than 28 grams of a mixture containing methamphetamine. A reasonable inference exists that a person who possesses more than 28 grams of a controlled substance intends to distribute it.[14] Therefore, possession with intent to distribute was a lesser included offense of trafficking as a matter of fact.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

---

[7] 245 Ga. App. 627 (538 SE2d 514) (2000).

[8] Id. at 628.

[9] Id. at 628-629.

[10] *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

[11] See, e.g., *Marshall v. State*, 197 Ga. App. 762, 763 (2) (399 SE2d 555) (1990) (appellant was indicted for trafficking in cocaine, and the jury was charged on that offense and the lesser included offenses of possession with intent to distribute and simple possession).

[12] 246 Ga. App. 354 (540 SE2d 643) (2000).

[13] Id. at 355 (1).

[14] *Gilbert*, supra.

DECIDED APRIL 19, 2005.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney*, for appellee.