## A07A0928. HULSEY v. THE STATE.
(643 SE2d 888)

BLACKBURN, Presiding Judge.

Following a jury trial, Gregory Hulsey appeals his conviction for trafficking in methamphetamine, challenging the sufficiency of the evidence and contending that the trial court erred (a) in failing to give a jury charge on mere presence and (b) in denying his motion to suppress evidence that was discovered when police arrested him on an arrest warrant, which warrant Hulsey claims was not supported by probable cause. We hold that the evidence supported the verdict, that a "mere presence" charge was unnecessary where the overall charge covered the essential elements, and that probable cause supported the arrest warrant. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that police had a warrant to arrest Hulsey and staked out a location to which they believed Hulsey would return. They observed a van arrive at the location, in which Hulsey was a passenger in the front seat. Police approached the van and arrested Hulsey as he exited the van. In the search incident to the arrest, police found on Hulsey's person a black bag and a green container. The green container contained a plastic bag with powdered methamphetamine, and the black bag contained (i) a plastic bag with powdered methamphetamine and (ii) a PVC pipe partially filled with solid chunks of methamphetamine. The police found other items on the van floorboard in front of the passenger seat and on Hulsey, but none of these contained methamphetamine. The total weight of the methamphetamine from the black bag and the green container equaled 70.49 grams.

OCGA § 16-13-31 (e) defines trafficking in methamphetamine as possessing more than 28 grams of methamphetamine. As the evidence showed that Hulsey possessed over 70 grams of methamphetamine, such sufficed to sustain the conviction.

Hulsey points to evidence showing that the black bag containing the PVC pipe was not found on his person but was found at his feet on the floorboard in front of the van's passenger seat. Hulsey argues that

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

under *Mitchell v. State*,[3] mere spatial proximity to the contraband does not suffice to show constructive possession. Hulsey's contention is without merit. First, other evidence showed that the black bag was found on Hulsey's person; inasmuch as the jury, not this Court, resolves any conflicts in the evidence, Hulsey's argument fails from the outset. Second, even if the black bag had indisputably been found on the van floorboard, more than mere spatial proximity connected Hulsey to the black bag and its contents. The bag would have been on the floor of the passenger side of the van and in plain view at Hulsey's feet, not hidden; methamphetamine was found both in the green container on Hulsey's person and in the black bag; and the powdered methamphetamine found on Hulsey's person was packaged in a cut corner of plastic, just as the powdered methamphetamine in the black bag was packaged. Such connected Hulsey to the black bag and its contents and sufficed to show Hulsey had constructive possession of the methamphetamine in the black bag. Cf. *Howren v. State*[4] (fanny pack with contraband was at passenger's feet and contained material similar to that found on defendant's person); *Kantorik v. State*[5] (drugs were in plain view on the passenger side of the vehicle where defendant was sitting).

2. Hulsey complains that the trial court refused to give his requested jury charge that mere presence at a crime scene is insufficient to support a conviction. "The rule that mere presence at the scene of a crime is insufficient to convict is actually a corollary to the requirement that the State prove each element of the offense charged. *Muhammad v. State*."[6] *Parker v. State*.[7] As in *Parker*, the trial court here "correctly instructed the jury on the duty of the State to prove each element of the crime beyond a reasonable doubt and instructed the jury fully on the law of circumstantial evidence." Id. Under these circumstances, there was no reversible error in the refusal to give Hulsey's requested charge. Id. See *Butts v. State*;[8] *Kelley v. State*.[9]

3. Hulsey's final enumeration of error is that the court erred in denying his motion to suppress the evidence that was found as a result of the search incident to his arrest, in that the arrest was invalid. Specifically, Hulsey claims that no probable cause supported the issuance of the arrest warrant.

---

[3] *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997).

[4] *Howren v. State*, 271 Ga. App. 55, 58 (4) (608 SE2d 653) (2004), disapproved on other grounds, *Schofield v. Holsey*, 281 Ga. 809, n. 1 (642 SE2d 56) (2007).

[5] *Kantorik v. State*, 257 Ga. App. 828, 829-830 (2) (572 SE2d 690) (2002).

[6] *Muhammad v. State*, 243 Ga. 404 (1) (254 SE2d 356) (1979).

[7] *Parker v. State*, 270 Ga. 256, 258 (2) (507 SE2d 744) (1998).

[8] *Butts v. State*, 273 Ga. 760, 768 (18) (546 SE2d 472) (2001).

[9] *Kelley v. State*, 279 Ga. App. 187, 189-190 (2) (630 SE2d 783) (2006).

When reviewing a trial court's order on a motion to suppress, particularly where there is conflicting evidence, we apply the "any evidence" standard:

> A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.

*Williams v. State.*[10] See *Tate v. State.*[11]

Here, the trial court was faced with determining whether the facts known to police and presented to the magistrate at the time the arrest warrant issued supported a finding of probable cause. "Generally, probable cause exists where the facts and circumstances would warrant a man of reasonable caution to believe that a criminal offense has been or is being committed." *Burnette v. State.*[12]

Construed in favor of the trial court's finding of probable cause, the evidence showed that on February 18, 2004, police were dispatched to the scene of a shooting, where they found a female victim unconscious and nearly dead (she later died on the way to the hospital) and lying in a small amount of blood in the hallway outside a bedroom in a residence where she and Hulsey lived. A gun was lying between her left hand and the left side of her head; she had a gunshot wound to her head, which showed the entrance of a bullet on the left side of her head with the exit wound on the right side. Hulsey was at the scene and claimed to have found the victim after he heard a shot (while standing outside) and ran inside to investigate. Hulsey told police that the victim had committed suicide.

Further investigation by police showed that based on the blood spatter evidence, the shooting actually took place behind the closed bedroom door, and that therefore the body was most likely moved to the hallway after the shooting. Hulsey had blood on his hands. The only other person at the residence (a sister of the victim) was in the shower at the time of the shooting, and came out to find Hulsey over the dying victim in the hallway. Both Hulsey and the sister confirmed that the victim was right-handed. A fingernail was missing from her left hand.

[10] *Williams v. State*, 273 Ga. App. 637, 638 (615 SE2d 789) (2005).

[11] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[12] *Burnette v. State*, 168 Ga. App. 578, 579 (1) (309 SE2d 875) (1983).

The next day, police obtained a search warrant for the premises and discovered the broken fingernail on a living room chair, indicating that the victim had struggled before she was shot. The medical examiner's office spoke to the investigating officer and gave a preliminary finding that the shooting was not a suicide but was a homicide, since the lack of any gunpowder stippling on the victim's flesh indicated that the distance from the muzzle to target was too large to support a finding of suicide. Moreover, the gun itself showed no blowback of blood or tissue, which indicated that the gun was sufficiently distanced from the victim at the time of the shooting that a homicide was most likely.

This evidence amply sufficed to justify the magistrate's and subsequently the trial court's finding that probable cause existed to arrest Hulsey for the shooting of the victim. With the evidence pointing to a homicide, and with Hulsey as the person who was found kneeling over the victim with blood on his hands in an apparent attempt to stage a suicide, probable cause existed that he committed the homicide.

Hulsey complains that the magistrate and the trial court relied upon hearsay evidence in finding police had probable cause. This lacks merit on its face. "Probable cause for the issuance of an arrest or search warrant may be founded upon hearsay." *Hornsby v. State.*[13] See *Banks v. State of Ga.*[14] ("It has long been recognized that hearsay is admissible in determining the existence of probable cause."); *Strauss v. Stynchcombe*[15] (" 'It is well settled that an arrest may be made upon hearsay evidence.' "). Hulsey's attacks on the credibility of the State's witnesses, of course, were matters for the trier of fact to resolve and provide us no justification for reversing the judgment of the trial court.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MARCH 22, 2007.

*Oliver J. Browning, Jr.*, for appellant.
*Donald N. Wilson, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.

---

[13] *Hornsby v. State*, 124 Ga. App. 724, 725 (185 SE2d 623) (1971).
[14] *Banks v. State of Ga.*, 277 Ga. 543, 544 (1) (592 SE2d 668) (2004).
[15] *Strauss v. Stynchcombe*, 224 Ga. 859, 865 (2) (165 SE2d 302) (1968).