A07A2278. RUSSELL v. THE STATE.
(658 SE2d 400)

PHIPPS, Judge.

After a jury trial, Rocky Russell was convicted of trafficking methamphetamine and possessing alprazolam, a controlled substance. Russell appeals his trafficking conviction. He claims that the evidence was insufficient to support the jury's verdict and that the trial court erred by failing to instruct the jury on guilt by mere association and guilt by mere presence. Finding no reversible error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that a special agent with the Georgia Bureau of Investigation began an undercover drug investigation in September 2003. During that investigation, the agent arranged to purchase methamphetamine on several occasions from Darlene Tanner. On November 19, 2003, the agent informed Tanner that he would meet her at a prearranged location for "the deal," which was the purchase of a quarter pound of methamphetamine.

That afternoon, the agent arrived first and saw Tanner arrive in a truck with a male passenger, later identified as Russell. The agent saw Tanner turn toward Russell, pick up what was later identified as her purse, and bring it over to the agent's vehicle. After she got in, Tanner informed the agent that her passenger was her dealer. Tanner then handed the agent almost four ounces of methamphetamine. At that point, the agent gave an arrest signal and assisting agents arrested Tanner and Russell. Another agent found alprazolam pills in Russell's pocket. After her arrest, Tanner told the agent that she had obtained the quarter pound of methamphetamine from Russell.

The agent testified that Russell did not look surprised when Tanner parked her truck and got into his vehicle. He said that it is common practice for a drug supplier to be present during a sale to make sure that he gets paid.

Tanner, a co-defendant in the case, testified that she called Russell to obtain the methamphetamine the agent had requested because her other suppliers were in jail. She said that she had previously purchased methamphetamine from Russell. When Russell notified her that he could supply the methamphetamine, they went together to get it at the home of a mutual acquaintance. Tanner

testified that the methamphetamine "was brought to that house from a lady named Beth." She testified that when she and Russell arrived, Beth "was already there. They met in the bathroom, and he got the meth, and she left after that. . . . He showed me what he got, and then we left . . . and met [the agent at the prearranged location]." Russell charged Tanner $4,700 for the methamphetamine and she charged the agent $5,000. Tanner speculated that Russell came with her to make sure that she got the money. She confirmed that she had told the agent that Russell supplied the methamphetamine.

An assisting agent interviewed Russell after his arrest. After being advised of his *Miranda* rights, Russell told the assisting agent that on November 19 he went with Tanner to meet "Beth," a distributor from whom he had previously purchased methamphetamine, but that he "only knew what was going on once . . . they arrived" to meet with her. He saw Beth give Tanner methamphetamine and saw Tanner put it in her purse. Russell admitted that he had used methamphetamine on November 18 and that he had previously given small quantities of methamphetamine to Tanner's boyfriend, but he denied that he would have made money from the November 19 deal. The interview was recorded and played for the jury.

1. Russell claims that the evidence was insufficient to support the jury's verdict. He asserts that he was merely a passenger in Tanner's truck.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

Under that standard, we conclude that the state presented sufficient evidence to support Russell's trafficking conviction.[2]

"Any person who knowingly sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in methamphetamine. . . ."[3] The evidence showed the sale of approximately 107 grams of a substance that tested positive for methamphetamine. And

---

[1] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006) (citations omitted).

[2] See *Blackwood v. State*, 277 Ga. App. 870, 873 (1) (627 SE2d 907) (2006).

[3] OCGA § 16-13-31 (e).

[w]hile mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.[4]

Although a person is not presumed to act with criminal intent, the trier of fact "may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."[5]

The evidence authorized a finding that Russell was not merely a passenger in Tanner's truck. Tanner testified that Russell obtained the methamphetamine from Beth and was the supplier for the November 19 deal. Russell admitted that he had previously purchased methamphetamine from Beth and that he "knew what was going on" when he and Tanner met with her that day. By his own admission, with that knowledge, he remained in the truck when Tanner took the methamphetamine and got into the agent's vehicle to make the sale. At a minimum, the evidence authorized a finding that Russell was guilty as a party to the offense of trafficking methamphetamine.[6]

To the extent that Russell claims that the evidence was insufficient because Tanner's testimony was uncorroborated, his claim lacks merit. "Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict . . . and the sufficiency of the corroborating evidence is for the trier of fact to decide."[7] Tanner's testimony was corroborated by Russell's own admissions that he had previously purchased methamphetamine from Beth and that he knew that Tanner had methamphetamine in her purse that Beth had supplied, and the fact that he waited for Tanner in her truck while she took the methamphetamine and got into the agent's vehicle to make the sale.

2. Russell claims that the trial court erred by failing to instruct the jury on guilt by mere presence and guilt by mere association. He argues that these two related jury charges were his sole defense.

---

[4] *Murphy v. State*, 272 Ga. App. 287, 290 (2) (612 SE2d 104) (2005) (citation and punctuation omitted).

[5] *Blackwood*, supra (citation and punctuation omitted).

[6] See *Lopez v. State*, 281 Ga. App. 623, 626 (3) (636 SE2d 770) (2006) (citing OCGA § 16-2-20).

[7] *Judkins v. State*, 282 Ga. 580, 581-582 (652 SE2d 537) (2007) (citation and punctuation omitted).

But " '[m]ere presence at the scene of the crime is not a recognized defense to a criminal charge. Rather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged.' "[8] The mere association principle is also a corollary of the requirement that the state must prove every element of the offenses charged beyond a reasonable doubt.[9] Thus, the trial court was not required to give the charges as Russell's "sole defense."

Further, the record in this case does not contain a written request to instruct on mere presence or mere association. Absent such request, the trial court did not err in failing to give those charges.[10] And Russell makes no further claim on appeal that the omission of those charges was harmful as a matter of law.[11]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 27, 2008.

*William B. Hollingsworth*, for appellant.

*Lee Darragh, District Attorney, Vanessa E. Sykes, Assistant District Attorney*, for appellee.

A07A1703. GASSETT v. THE STATE.
(658 SE2d 366)

BERNES, Judge.

A Toombs County jury convicted Calvin Lee Gassett of possession of cocaine with intent to distribute. On appeal, Gassett challenges the sufficiency of the evidence supporting his conviction. He also contends the trial court erred in denying his motion for continuance; in denying his chain of custody objection to the drug evidence; in admitting his pretrial statements to police and in admitting the prior statements of a witness. Lastly, he contends that his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

1. "On appeal, we view the evidence in the light most favorable to the verdict, and we no longer presume the defendant is innocent."

---

[8] *Kelley v. State*, 279 Ga. App. 187, 189 (2) (630 SE2d 783) (2006) (quoting *Muhammad v. State*, 243 Ga. 404, 406 (1) (254 SE2d 356) (1979)).

[9] *Roberts v. State*, 223 Ga. App. 167, 168 (4) (477 SE2d 345) (1996).

[10] *Morrow v. State*, 162 Ga. App. 183 (1) (290 SE2d 137) (1982).

[11] See OCGA § 5-5-24 (c); see also *Shepherd v. State*, 280 Ga. 245, 252 (4) (626 SE2d 96) (2006) (criminal defendant only relieved of requirement to present written requests for jury instructions if omission is clearly harmful and erroneous as a matter of law).