### A08A0271. SPRAGG v. THE STATE.
(663 SE2d 389)

ANDREWS, Judge.

Paul Lawrence Spragg, convicted by a jury of armed robbery, aggravated assault, false imprisonment, and possession of a firearm during commission of a crime, appeals from the trial court's denial of his motion for new trial. He challenges the sufficiency of the evidence, the competence of his trial counsel, and the trial court's failure to give the jury, sua sponte, an instruction regarding Spragg's absence from the trial.[1] Finding no error, we affirm.

1. In his third enumeration of error, Spragg challenges the legal sufficiency of the evidence and we consider it first.

---

[1] Spragg was present for the first day of the trial, which included jury voir dire, opening statements, and the presentation of several witnesses. He did not return for the second day; instead he fled to Ohio.

On appeal from a criminal conviction, we view the evidence in a light favorable to the verdict, and Spragg no longer enjoys a presumption of innocence. See *McGee v. State*, 287 Ga. App. 460 (651 SE2d 546) (2007). We neither weigh the evidence nor resolve issues of witness credibility, but determine only whether the evidence was sufficient to allow a rational trier of fact to find the accused guilty beyond a reasonable doubt. See id.

So viewed, the evidence here was that, on April 7, 2005, between 9:30 p.m. and 10:00 p.m., Jarrod House answered a knock at the door of his Atlanta apartment. He looked through the peephole and saw Elnathan Henderson, a/k/a "Rerun," who regularly bought "weed" (marijuana) from House, and he thought that was why Henderson was there. Henderson pushed his way into House's apartment with Spragg and another man, Craig Hagan. Hagan pulled a pistol and pointed it at House's face. Henderson told House "[y]ou already know what it is. Lay down on the ground." Spragg then bound House with duct tape on his hands, legs, and eyes. House recognized Spragg as someone he had seen Henderson with around the neighborhood. The three men demanded money and threatened to kill House. He was struck in the head with the pistol. An ounce of marijuana and $700 in cash were taken, and the three men left in a white Oldsmobile.

House managed to free himself from the duct tape and called 911. Police responded and a be on the lookout was put out on the Oldsmobile. Shortly thereafter, a police officer pulled over a white Oldsmobile containing Spragg, Henderson, and Hagan at a gas station. Officers found a loaded semiautomatic handgun under the front passenger seat, and a roll of duct tape was also in the car. Another officer transported House to the gas station where he identified the three men as the ones who had robbed and assaulted him. A large amount of cash was found on all three men.

Henderson pled guilty and testified against Spragg.

To the extent that Spragg claims that the evidence was insufficient because Henderson's testimony was uncorroborated, his claim lacks merit.

> "Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict . . . and the sufficiency of the corroborating evidence is for the trier of fact to decide." [*Judkins v. State*, 282 Ga. 580, 581-582 (652 SE2d 537) (2007) (citation and punctuation omitted).]

*Russell v. State*, 289 Ga. App. 789, 791 (658 SE2d 400) (2008).

Here, Spragg was captured with Henderson and Hagan shortly

after the home invasion/robbery, with a large amount of cash, a gun, and a roll of duct tape in the car. House was able to positively identify all three men as the ones who had robbed and assaulted him.

The evidence of armed robbery, aggravated assault, false imprisonment, and possession of a firearm during commission of a crime was legally sufficient. *Russell v. State*, supra.

2. As stated above, Spragg did not appear for the second day of his trial. Although his counsel attempted to contact him by phone, he was unable to do so. Spragg had violated the conditions of his bond and gone to Ohio. In his first enumeration, Spragg contends that the trial court erred in not giving an instruction to the jury that it should not draw any adverse inferences from his absence.

Trial counsel requested that, "[s]ince we're not sure what the circumstances are surrounding his failure to be present, we would ask that no mention be made of him absconding or escaping. . . ." The trial court agreed and no mention was made during the remainder of the trial regarding Spragg's absence.

New counsel on appeal argued in his motion for new trial that the failure of the court to give, sua sponte, a charge that the jury should draw no adverse inferences from Spragg's absence was error and that the failure to request such a charge was ineffective assistance of counsel (discussed in Division 3).

> OCGA § 5-5-24 (b) places a duty on the defendant to request jury instructions. The defendant is relieved of this duty only in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.

(Citations and punctuation omitted.) *Prine v. State*, 237 Ga. App. 679, 681 (515 SE2d 425) (1999).

Here, no request for such a charge was made. Further, the charge given by the trial court fully encompassed the presumption of innocence, that the burden to prove guilt beyond a reasonable doubt was on the State, that Spragg was under no duty to present any evidence tending to prove innocence and was not required to take the stand, that no harmful inference could be drawn from his failure to testify, and that guilt or innocence was to be decided by the jury based upon the evidence.

There was no error in denial of the motion for new trial on this ground.

3. Finally, appellate counsel contends that trial counsel rendered ineffective assistance in failing to request the jury charge discussed in Division 2.

To prevail on his claim of ineffective assistance, appellant must show that his attorney's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). He also must overcome the strong presumption that his attorney's conduct fell within the broad range of reasonable professional conduct. Id.

*Byrum v. State*, 282 Ga. 608, 612 (7) (652 SE2d 557) (2007).

Here, as acknowledged by appellate counsel, he chose not to call trial counsel as his witness during the hearing on the motion for new trial.

[I]n the absence of evidence to the contrary, trial counsel's actions are presumed to be strategic. *Holmes v. State*, 273 Ga. 644, 648 (5) (c) (543 SE2d 688) (2001). Furthermore, "[t]rial counsel's failure to pursue a futile objection does not constitute ineffective assistance. (Cit.)" *Massingill v. State*, 240 Ga. App. 690, 691 (2) (b) (524 SE2d 746) (1999).

*Page v. State*, 271 Ga. App. 541, 544 (2) (b) (610 SE2d 171) (2005). See also *Rouse v. State*, 290 Ga. App. 740, 743 (1) (660 SE2d 476) (2008).

There was no error in the trial court's denial of the motion for new trial on the issue of the claimed ineffectiveness of trial counsel. *Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED JUNE 18, 2008.

*Curtis W. Miller*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney*, for appellee.