A09A0778. SMITH v. THE STATE.
(674 SE2d 42)

BLACKBURN, Presiding Judge.

Following a jury trial, Naomi Smith appeals her conviction for possession of cocaine with the intent to distribute, challenging the sufficiency of the evidence and arguing that the trial court erred in refusing to give her requested charge on "mere presence." We hold that the accomplice's testimony identifying Smith as the owner of the purse containing the cocaine was corroborated and that a "mere presence" instruction was unnecessary. Accordingly, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the

jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that, after observing that a moving vehicle's right brake light was out, two officers on patrol ran a check of the vehicle's tag, which tag did not match up to the vehicle. When they pulled the vehicle over, the driver was unable to produce satisfactory insurance and registration information. The officers asked for consent to search the vehicle for drugs, which consent the driver readily gave. When one of the officers approached the front-seat passenger, who was Smith, and asked that she exit the vehicle so the search could proceed, he observed that a purse was at her feet on the floorboard. After Smith exited, the officer removed the purse from the vehicle and found it contained 37 small baggies of crack cocaine as well as a large chunk of cocaine and $445 in cash. Both Smith and the driver were arrested and placed in the rear of the officers' patrol vehicle. While in the patrol vehicle, a recorder picked up the conversation between Smith and the driver, during which Smith indicated that she had thought she would have time to hide the contraband but that the officer had been right there beside her.

Both the driver and Smith were charged with possessing cocaine[3] and with possessing cocaine with the intent to distribute;[4] the driver was also charged with some traffic violations. At trial, the driver testified, identifying Smith as the owner of the purse containing the drugs. Finding the driver guilty of the traffic violations, the jury acquitted the driver of, but found Smith guilty on, the two drug counts. The court merged the drug counts and sentenced Smith on the possession-with-intent count only, giving rise to this appeal.

1. In her first enumeration, Smith contends that the driver, who was an alleged accomplice, gave testimony that was not corroborated and that such was accordingly insufficient under OCGA § 24-4-8. Specifically, Smith argues that nothing other than the driver's testimony tied Smith to the purse.

It is true that in a felony case, an accomplice's testimony must be corroborated to sustain a conviction. OCGA § 24-4-8. But it is also true that "[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corrobo-

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] OCGA § 16-13-30 (a).
[4] OCGA § 16-13-30 (b).

ration of the accomplice to support a verdict[,] and the sufficiency of the corroborating evidence is for the trier of fact to decide." (Punctuation omitted.) *Spragg v. State*.[5]

Here, some evidence corroborated the accomplice's testimony that Smith possessed the purse. First, the officer testified that the purse was right at Smith's feet (if not touching them) on the floorboard of the vehicle. See *Vogleson v. State*[6] (the accomplice's "testimony was corroborated by the officers' testimony that the cocaine was discovered on the floorboard of the passenger side of the car where [the defendant] was sitting"). Second, the recording of the suspects' conversation in the back seat of the patrol car showed from Smith's own mouth that Smith was aware and had custody of the drugs in the purse and would have hidden them had the officer not been observing her behavior. This evidence sufficed to sustain the conviction.

2. Smith further argues that the trial court erred in refusing to give her requested written jury charge that mere presence at the scene of a crime is insufficient to support a conviction. But "[t]he rule that mere presence at the scene of a crime is insufficient to convict is actually a corollary to the requirement that the State prove each element of the offense charged." *Parker v. State*.[7] Here, as in *Parker*, "the trial court correctly instructed the jury on the duty of the State to prove each element of the crime beyond a reasonable doubt and instructed the jury fully on the law of circumstantial evidence." Id. Under such circumstances, there was no error in the refusal to give Smith's requested charge. See id. See also *Hulsey v. State*.[8] This is true even where the defendant asserts that "mere presence" was her sole defense. *Russell v. State*.[9]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 17, 2009.

*Patricia F. Angeli*, for appellant.
*Jewel C. Scott, District Attorney, Elizabeth K. Brooks, Assistant District Attorney*, for appellee.

---

[5] *Spragg v. State*, 292 Ga. App. 37, 38 (1) (663 SE2d 389) (2008).
[6] *Vogleson v. State*, 250 Ga. App. 555, 561 (2) (552 SE2d 513) (2001), aff'd, 275 Ga. 637 (571 SE2d 752) (2002).
[7] *Parker v. State*, 270 Ga. 256, 258 (2) (507 SE2d 744) (1998).
[8] *Hulsey v. State*, 284 Ga. App. 461, 462 (2) (643 SE2d 888) (2007).
[9] *Russell v. State*, 289 Ga. App. 789, 791-792 (2) (658 SE2d 400) (2008).