A09A0145. TORRES v. THE STATE.
(679 SE2d 757)

ADAMS, Judge.

Gonzalo Torres was convicted by a jury of trafficking in methamphetamine, possession of methamphetamine with intent to distribute, escape, hindering a law enforcement officer, possession of alprazolam and possession of marijuana. He appeals following the denial of his motion for new trial, arguing in his two enumerations of error on appeal that the trial court erred in charging the jury.

1. Torres first contends that the trial court erred by refusing to give his charge on mere presence, arguing that the trial court was

---

required to give his requested charge because this was his sole defense.

> But "(t)he rule that mere presence at the scene of a crime is insufficient to convict is actually a corollary to the requirement that the State prove each element of the offense charged." *Parker v. State*[, 270 Ga. 256, 258 (2) (507 SE2d 744) (1998)]. Here, as in *Parker*, "the trial court correctly instructed the jury on the duty of the State to prove each element of the crime beyond a reasonable doubt and instructed the jury fully on the law of circumstantial evidence." Id. Under such circumstances, there was no error in the refusal to give [Torres's] requested charge. See id. See also *Hulsey v. State*[, 284 Ga. App. 461, 462 (2) (643 SE2d 888) (2007)]. This is true even where the defendant asserts that "mere presence" was [his] sole defense. *Russell v. State*[, 289 Ga. App. 789, 791-792 (2) (658 SE2d 400) (2008)].

*Smith v. State*, 296 Ga. App. 160, 162 (2) (674 SE2d 42) (2009).

Moreover, as the State points out, at the time police encountered Torres, he was in a hotel room alone, he admitted he was smoking marijuana, police found a marijuana "blunt" burning in the ashtray, two pills subsequently identified as alprazolam were in plain view on a night stand and a palm print found on a tupperware container with 312.36 grams of a mixture of methamphetamine inside was a 100 percent match to Torres's palm print. And the jury was also entitled to consider that Torres attempted to flee from police. Thus, the State showed more than Torres's mere presence in the room where the contraband was found. This enumeration is thus without merit.

2. Torres also contends that the trial court erred by failing to define all elements of the drug crimes when charging the jury. We are constrained to agree. Torres was charged with trafficking in methamphetamine, possession of methamphetamine with intent to distribute, possession of alprazolam and possession of marijuana. The trial court read the indictment to the jury and instructed the jury on the definitions of actual and constructive possession, sole and joint possession and intent. As to the specific drug offenses, the trial court instructed the jury as follows:

> Now, ladies and gentlemen, the crimes contained in Count 1 as to trafficking in methamphetamine, and Count 2 possession of methamphetamine with the intent to distribute, and possession of Alprazolam and possession of marijuana are all Violations of the Georgia Controlled Substance[s] Act,

which provides that it is unlawful for any person to possess or have under one's control, and he's charged with possession of methamphetamine and Alprazolam, and so that is a Violation of the [Georgia] Controlled Substances Act. And I further give you the instructions that the offense charged in possession of methamphetamine with intent to distribute is a Violation of the Georgia Controlled Substance[s] Act, which provides that it is a violation of the law to possess methamphetamine with the intent to distribute. And I charge you as to Counts 5 and 6 that in these two counts the offenses charged [are] a Violation of the Georgia Controlled Substance[s] Act, which provides that it is unlawful for any person to possess or have under his control Alprazolam or to have under his control marijuana.

(Punctuation omitted.)

We find that the charge here, even when viewed as a whole, failed to properly define the trafficking and possession with intent to distribute offenses. As to these offenses, all the jury was told was that it is a violation of the Georgia Controlled Substances Act to traffic or possess with intent to distribute methamphetamine; the instructions given completely failed to inform the jury about the manner in which the offense of trafficking in methamphetamine or the offense of possessing methamphetamine with intent to distribute may be committed. As such, the jury did not receive sufficient instructions to guide them in determining Torres's guilt or innocence on these charges. See OCGA §§ 16-13-31 (e) (defining the offense of trafficking in methamphetamine); 16-13-30 (b) (possession with intent to distribute); 16-13-21 (11) (definition of distribute). See also *Rupnik v. State*, 273 Ga. App. 34, 35-36 (614 SE2d 153) (2005).

Jury instructions are the lamp to guide the jury's feet in journeying through the testimony in search of a legal verdict. . . . The trial judge must charge the jury on each crime specified in the indictment unless the evidence does not warrant a conviction of such crime, or unless the State has affirmatively withdrawn a crime or stricken it from the indictment. . . . The jury must be given an appropriate instruction as to the law on each substantive point or issue involved in the case. . . . When a given instruction fails to provide the jury with the proper guidelines for determining guilt or innocence, it is clearly harmful and erroneous as a matter of law.

(Citations and punctuation omitted.) *Chase v. State*, 277 Ga. 636,

639-640 (2) (592 SE2d 656) (2004). See also *Carroll v. State*, 293 Ga. App. 721, 723 (667 SE2d 708) (2008); *Furlow v. State*, 276 Ga. App. 332 (623 SE2d 186) (2005).

However, we find the court's charge was sufficient as to the marijuana and alprazolam possession offenses. Torres concedes in his brief on appeal that in his testimony at trial he admitted possessing marijuana; and in any event the trial court's charge adequately defined possession. Although, as to the alprazolam charge, Torres complains that the jury was not given the Suggested Pattern Jury Instruction that a Schedule IV drug may be lawfully possessed, inter alia, by a person to whom it has been properly prescribed, Torres points to nothing in the evidence that would warrant that charge in this particular case.[*] Moreover, as stated above, the trial court's charge did adequately cover the principles relating to possession of contraband, and was sufficient to inform the jury as to the essential elements of the crime of possession of alprazolam as well as the marijuana offense. See OCGA §§ 16-13-28 (a) (1); 16-13-30 (a). Thus, Torres is entitled to a new trial only on the methamphetamine trafficking and distribution offenses.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JUNE 2, 2009.

*Mary Erickson*, for appellant.
*T. Joseph Campbell, District Attorney, Richard A. Hull, Assistant District Attorney*, for appellee.

---

[*] Specifically, the Suggested Pattern Jury Instruction Torres refers to reads as follows: "Only the 'ultimate user' to whom or for whose use a controlled substance has been lawfully prescribed, sold or dispensed by a registered practitioner . . . may possess it. . . ." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.70.11.